In re Neil R. HIRSCH, Debtor.

Jack G. PENICK, Trustee and Lowell E. Rothschild, Trustee of Health Care Providers of Arizona, Inc., Plaintiffs,

v.

Neil R. HIRSCH, Defendant.

In re Berton SIEGEL, D.O., Debtor.

Stanley SWAINE, Trustee and Lowell E. Rothschild, Trustee of Health Care Providers of Arizona, Inc., Plaintiffs,

v.

Berton SIEGEL, D.O., Defendant.

Bankruptcy Nos. B-87-6193-PHX-RGM, B-87-6194-PHX-RGM.
Adv. Nos. 88-44, 88-59.

United States Bankruptcy Court, D. Arizona.

Dec. 12, 1988.

Kim Hutchinson, Carmichael & Powell, P.C., Ariz., Shelton L. Freeman, Robbins & Green, P.A., Phoenix, Ariz., for debtor Neil R. Hirsch.

Carolyn J. Johnsen, Beus, Gilbert, Wake & Morrill, Phoenix, Ariz., for debtor Berton Siegel, D.O.

Anthony O. Jones, Phoenix, Ariz., for Trustee Jack Penick.

Michael W. Carmel, Phoenix, Ariz., for Trustee Stanley Swaine.

Mary B. Fylstra, Cameron C. Artigue, Gammage & Burnham, Phoenix, Ariz., for Trustee Lowell Rothschild.

## ORDER RE MOTION FOR SUMMARY JUDGMENT

ROBERT G. MOOREMAN, Chief Judge.

On November 10, 1988, a hearing was conducted by this Court to consider the Trustees' Motion for Summary Judgment as well as the debtors' Cross-Motion for Summary Judgment. At the conclusion of the hearing and after oral argument, the matter was taken under advisement.

The underlying adversary proceedings essentially arise out of the debtors' claimed exemption under A.R.S. § 33–1126(B), which purports to allow an exemption for ERISA qualified pension plans. The essence of the Trustees' argument is that A.R.S. § 33–1126(B) is pre-empted by ERISA and thus the debtors are not entitled to claim an exemption in the subject pension plans. In support of this argument, the Trustees rely on the recent Supreme Court case of *Mackey v. Lanier Collections Agency & Service, Inc.,* — U.S. ——, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).

The debtors on the other hand, contend that *Mackey* is inapposite to the case at hand because 11 U.S.C. § 522 "federalizes" the Arizona exemption statute. Accordingly, the debtors contend that 29 U.S.C. § 1144(d) (which provides that ERISA shall not supersede other federal law), supports a determination that A.R.S. § 33–1126(B) is not pre-empted.

In *Mackey*, the Supreme Court recognized that "state laws which are 'specifically designed to affect employee benefit plans' are pre-empted under [ERISA] § 514(a)." *Mackey*, 108 S.Ct. at 2185 (citations omitted). Although a state statute may "help effectuate ERISA's underlying

**2**

purposes, ... [this] is not enough to save the state law from pre-emption." *Id.*

It is this Court's view that given the clear language in the *Mackey* decision, A.R.S. § 33–1126(B) would undoubtedly be pre-empted in a *state court proceeding* wherein creditors seek to enforce their claims against an ERISA pension plan. *Mackey*, 108 S.Ct. at 2185. The debtors' argument that a different result is warranted in the context of a bankruptcy proceeding is unsupported. The mere fact that 11 U.S.C. § 522 of the Bankruptcy Code authorizes a debtor to rely on state exemption laws rather than the federal exemption laws set forth in § 522(d), does not override the underlying pre-emptive nature of ERISA as to *all* state laws which relate to an ERISA benefit plan. The debtors' suggestion that § 522 of the Bankruptcy Code gives all state exemption laws *federal authority* for their existence is unsupported by § 522. Accordingly, it is this Court's conclusion that A.R.S. § 33–1126(B) is pre-empted by ERISA, and thus the debtors are not entitled to an exemption for the subject pension plans. It is therefore ordered granting the Trustee's joint motions for summary judgment and denying the debtors' cross motions for summary judgment.

Mr. Siegel has filed an alternative cross-motion for summary judgment arguing that he is entitled to an exemption for the non-ERISA disability portion of his pension plan. However, there remain disputed issues of fact as to whether Mr. Siegel qualifies under such disability provisions. Accordingly, Mr. Siegel's cross-motion for summary judgment is hereby ordered denied.

It is further ordered directing Trustee for movant Health Care Providers to lodge a written form of judgment consistent herewith within 20 days of the date of this order.