**In re Berton SIEGEL, D.O., Debtor.**

**Berton SIEGEL, D.O.,
Defendant–Appellant,**

**v.**

**Stanley SWAINE, Trustee; and Lowell E. Rothschild, Trustee of Health Care Providers of Arizona, Inc., Plaintiffs–Appellees.**

**In re Neil R. HIRSCH, Debtor.**

**Neil R. HIRSCH, Appellant,**

**v.**

**Jack G. PENICK, Trustee; and Lowell E. Rothschild, Trustee of Health Care Providers of Arizona, Inc., Appellees.**

**Civ. Nos. 89–441 PHX EHC,
89–654 PHX EHC.**

**Bankruptcy Nos. B–87–6194 PHX RGM,
B–87–6193 PHX RGM.**

**Adv. Nos. 88–59, 88–357,
87–6193 and 88–44.**

**BAP No. AZ–89–1058, AZ–89–1141.**

United States District Court,
D. Arizona.

Aug. 29, 1989.

Carolyn J. Johnsen, Phoenix, Ariz., for appellant Siegel.

Kim Hutchinson, Phoenix, Ariz., for appellant Hirsch.

Michael W. Carmel, Phoenix, Ariz., for Siegel Trustee Stanley Swaine.

Anthony Jones, Phoenix, Ariz., for Trustee Jack Penick (Hirsch).

Richard Burnham, Mary Fylstra, Cameron Artigue, Gammage & Burnham, Phoenix, Ariz., for Lowell E. Rothschild, Trustee for Health Care Providers of Arizona, Inc.

## ORDER

CARROLL, District Judge.

These consolidated appeals involve the issue of whether debtors may claim an exemption from the bankruptcy estate for their interests in qualified employee benefit plans pursuant to 11 U.S.C. § 522(b) and Arizona Revised Statutes § 33–1126(B). Appellants/Debtors Siegel and Hirsch (appellants or debtors) appeal from orders of the bankruptcy court in their respective Chapter 11 proceedings entering partial summary judgment in favor of plaintiffs/appellees (appellees or trustees) on grounds that A.R.S. § 33–1126(B), on which the debtors base their claims for exemption, is preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. 98 B.R. 1.

## BACKGROUND

Appellants/Debtors Siegel and Hirsch are doctors who each established qualified employee benefit plans for their benefit under the Internal Revenue Code and ERISA. Both debtors filed Chapter 11 petitions on October 1, 1987. In their statements of financial affairs and conditions, as amended, each claimed an exemption for their interests as beneficiaries in the employee pension plans pursuant to 11 U.S.C. § 522(b) and A.R.S. § 33–1126(B).[1] On June 21, 1988, Rothschild, the Trustee in the Chapter 7 proceeding of Health Care Providers of Arizona, Inc. (HCPA), a creditor in each of the debtors' estates, filed motions for partial summary judgment in both proceedings on the claimed exemption, contending that A.R.S. § 33–1126(B) is preempted by ERISA, 29 U.S.C. § 1001 et seq. The Trustees of the bankruptcy estates—Swaine for Siegel and Penick for Hirsch—joined in the respective motions, and debtors filed cross-motions for summary judgment.

After hearing on November 10, 1988, on December 12, 1988, the bankruptcy court granted the Trustees' motions for partial summary judgment and denied debtors' cross-motions. The Bankruptcy Court determined that the debtor is not entitled to the exemption under A.R.S. § 33–1126(B), based on the conclusion that the state statute is preempted by ERISA, relying principally on *Mackey v. Lanier Collections Agency and Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988). The bankruptcy Court also denied the appellants' cross motions for summary judgment, finding that 11 U.S.C. § 522 does not "federalize" the Arizona state exemption law. The bankruptcy court also denied the debtors' alternative cross motions for summary judgment contending that the non-ERISA disability portion of the plan was exempted, finding that there are genuine issues of material fact as to this issue.

Partial summary judgment was entered for the Trustees on January 4, 1989. Both debtors then appealed from the partial summary judgment order, and this Court granted a joint motion of the parties to consolidate the appeals. The parties agree that the two appeals are identical. Accord-

---

1. Siegel claimed the Fifth Amendment when questioned about the assets he held in his plans. The Trustees represented before the Bankruptcy Court that his interest in the plans was believed to be in excess of $2,000,000. (Appendix, Tab A, p. 74; Tab E, p. 5).

ingly, for convenience, this order will discuss the issues with reference to the Siegel appeal, although the findings and conclusions apply equally to both cases.

DISCUSSION

*Standard of Review*

■ The District Court reviews decisions of the bankruptcy court as an appellate court. 28 U.S.C. § 158. Findings of fact are reviewed under the clearly erroneous standard and findings of law are reviewed *de novo. In re Daniels–Head and Associates,* 819 F.2d 914 (9th Cir.1987). There are no disputed facts for purposes of these appeals.

*Debtors' Claims for Exemption*

As asserted in the bankruptcy court, appellants contend that their interests in the qualified employee benefit plans are exempt pursuant to 11 U.S.C. § 522 and A.R.S. § 33–1126(B).

Title 11, United States Code, section 522 provides exemptions for certain property of the bankruptcy estate. Subsection 522(b) provides:

[A]n individual debtor may exempt from property of the estate ... either ...

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of filing of the petition....

The parties agree that these provisions provide debtors a choice between the federal "laundry list" of exemptions in subsection 522(d), or the applicable State law exemptions, unless the State specifically "opts out" of the federal exemptions in subsection (d), pursuant to § 522(b)(1). Arizona has opted out of the federal exemptions, leaving debtors in Arizona to resort to the State law exemptions. See A.R.S. § 33–1133.

The state exemption at issue here is A.R.S. § 33–1126(B), which provides:

Any money or other assets payable to a participant or beneficiary from, or any other interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), 408 or 409 of the United States Internal Revenue Code of 1986, as amended, shall be exempt from any and all claims of creditors of the beneficiary or participant.

Since the technical requirements of ERISA plans were encoded under these sections of the Internal Revenue Code, the state statute essentially provides an exemption for all interests in qualified plans under the Internal Revenue Code and ERISA. The parties do not dispute that the plans of both debtors are qualified plans under the Internal Revenue Code and ERISA, and that the statute is intended to apply to these plans.

Thus, on the basis of the state statutory provisions alone, the debtors would be entitled to the exemption. However, the Trustees argued in the bankruptcy court that the state exemption for ERISA plans is preempted by ERISA, 29 U.S.C. § 1144(a). The bankruptcy court agreed.

On appeal, appellants/debtors raise several arguments as to why the preemption issue need not be reached, and as to why the statute is not preempted.

*I. Interests in Plan Not Property of the Estate*

■ Appellant Siegel contends that his interest in the plan should be excluded from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2).

This issue is raised for the first time on appeal. Siegel specifically stated in a brief in the bankruptcy court that he did not dispute that his interest in the plan was part of the property of the estate.

Debtor has no contention that his beneficial interest in the pension plan is not included in property of the estate pursuant to 11 U.S.C. § 541. Debtor's argument is that the interest in the pension

plan is now exempt pursuant to Section 522.[2]

It is clear that the issue was not raised before the bankruptcy court, did not play a role in the decision of that court, and cannot be raised for the first time on appeal. *Vincent v. Trend Western Technical Corp.*, 828 F.2d 563 (9th Cir.1987).

■ However, even if the court considered the issue, the argument of appellants is not persuasive. Section 541(c)(2) of the bankruptcy code provides that property can be excluded from the bankruptcy estate if it is subject to a restriction on alienation which is enforceable under "applicable non-bankruptcy law." In cases where debtors contended that their interests in ERISA plans were exempt under this provision on the basis of the restrictions on alienation required in all qualified ERISA plans, courts have held that the provision refers to state spendthrift trusts. See *In re Daniel*, 771 F.2d 1352, 1359–60 (9th Cir. 1985).

Appellants contend that the restrictions on alienation in the debtors' plans constitute a spendthrift trust, and that these provisions are enforceable under applicable state law, i.e. A.R.S. § 33–1126(B). Thus, the argument goes, the property should be excluded because the interests are subject to a restriction on alienation under "applicable non-bankruptcy law." In the alternative, in the event the court should find that statute is preempted, appellant also argues that the property should be excluded because the ERISA anti-alienation provisions become "applicable non-bankruptcy law".

These arguments have several flaws. First, A.R.S. § 33–1126(B) provides an exemption from claims of creditors for interests in qualified plans. It is not a state law pertaining to enforceability of restrictions on alienation, as stated in § 541(c)(2); it relates to restrictions on alienation only in that there are restrictions on alienation in all qualified ERISA plans. Second, if, as a matter of law, A.R.S. § 33–1126(B) is preempted by ERISA, that ends the discussion. Moreover, these arguments, particu-

larly the latter, are nothing more than a convoluted restatement of the identical issue presented in *In re Daniel*, that the restrictions on alienation in ERISA plans constitute a basis for exclusion of interests in the plan from the bankruptcy estate. This Circuit rejected that proposition in *Daniel*. Other Circuits take the same position. *Daniel*, Id., at 1359.

Finally, appellants apparently contend that the Plans constitute spendthrift trusts under Arizona law, although it is not clear as to how the plans so qualify, other than on the basis of the restrictions on alienation discussed previously. Arizona has previously determined the plans of Siegel and Hirsch would not qualify because the appellants, the beneficiaries under the plans, were the settlors of the trusts and are also the beneficiaries. *Arizona Bank v. Morris*, 7 Ariz.App. 107, 436 P.2d 499 (1968); See also Restatement of Trusts § 156 (1959); *In re Kincaid*, 96 B.R. 1014, 1018 (9th Cir. BAP 1989); *In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir.1985); *In re Goff*, 706 F.2d 574 (5th Cir.1983).

Thus, appellants' arguments that the interests in the plans should be excluded from the bankruptcy estate are raised for the first time on appeal and are not proper grounds for decision, and are otherwise without merit.

## II. ERISA Preemption

The dispositive issue in this case, and the one upon which the bankruptcy court based its judgment, is whether the state statute under which appellants claim their exemption is preempted by ERISA.

### A. Preemption Generally

In ERISA, Congress intended to protect participants in employee benefit plans by comprehensive regulation establishing standards of conduct for fiduciaries of plans and by providing appropriate remedies, sanctions and access to the federal courts. ERISA § 3(1), 29 U.S.C. § 1002(1). Consistent with this purpose, the Act in-

---

**2.** Siegel "Response to Plaintiff's Partial Motion for Summary Judgment and Debtor's Cross-Mo-

tion for Summary Judgment", Footnote 3, page 7.

cludes provisions regarding federal preemption of state laws relating to these plans. Section 514(a) of the Act, 29 U.S.C. § 1144(a), the preemption clause, provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

The Supreme Court has given the phrase " 'relate to' ... its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.' " *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987), quoting *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). The preemption provisions of ERISA are deliberately expansive and designed "to establish pension plan regulation as exclusively a federal concern." *Pilot Life*, 107 S.Ct. at 1552. The preemption provision is not limited to laws specifically designed to affect employee benefit plans or laws dealing with the subject matters covered by ERISA. *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983); *Pilot Life*, 107 S.Ct. at 1552.

**B. Appellants' Arguments Against Preemption**

The appellants raise several arguments in support of their contention that the Arizona statute is not preempted by ERISA. First, appellants contend that the statute is saved by the federal law savings clause of ERISA, 29 U.S.C. § 1144(d). Second, that preemption is inappropriate because it would impair federal law. Third, that *Mackey*, relied upon by the Bankruptcy Court, is distinguishable and not controlling, and that it is limited to *welfare* benefit plans. Fourth, that the statute is not preempted because it is not in conflict with ERISA. Finally, appellants argue that the statute is not preempted because it does not have the requisite relationship or effect on the ERISA plan.

**1. Federal Law Savings Clause**

ERISA contains two savings clauses which limit the broad scope of preemption. The first, 29 U.S.C. § 1144(b) provides exceptions for several specific types of state laws. There is no specific clause saving state exemption laws, and appellants do not argue that the statute is saved under this clause. It should be noted however, that the omission of any specific clause saving this particular type of statute in the comprehensive preemption scheme of ERISA, is arguably evidence that Congress intended preemption.

The second savings clause, ERISA § 514(d), 29 U.S.C. § 1144(d), the federal law savings clause, provides that "Nothing in this subchapter shall be construed to alter, amend, modify, invalidate, impair or supersede any law of the United States ... or any rule or regulation issued under any such law."

**a. Incorporation into Bankruptcy Code**

█ Appellants principal contention, argued extensively at the hearing before this Court, is that subsection § 522(b) of the Bankruptcy Code incorporates the state exemption statute. Thus, appellants contend that A.R.S. § 33–1126(B) is incorporated into the Bankruptcy Code, and is therefore not preempted pursuant to § 1144(d), since preemption does not supersede other federal law.

Section 514(d) of ERISA clearly prevents preemption by ERISA of other federal law, including provisions of the bankruptcy code. The question here is whether the reference to state law in 11 U.S.C. § 522(b), is sufficient to incorporate or "federalize" the state law into the body of the bankruptcy code.

Appellants argue that § 522 incorporates the state exemptions, particularly since states are free to opt out of the federal bankruptcy code law in this area pursuant to § 522(d), and require debtors in bankruptcy to rely on the state exemptions in-

stead. Since Arizona has opted out, appellants contend that the state exemption law is so intertwined with the bankruptcy code that it is incorporated by reference. The only authority appellants cite in this regard is *In re Kincaid*, 96 B.R. 1014 (9th Cir.BAP 1989). *Kincaid* involved a claim for exclusion of an interest in an ERISA plan from the bankruptcy estate pursuant to 11 U.S.C. § 541(c)(2), based on the restrictions on alienation. In discussing preemption, the Court stated that "In our view, examination of an ERISA plan under state spendthrift trust law as mandated by 11 U.S.C. § 541(c)(2) is not an application of state law to an ERISA plan, but rather the application of federal bankruptcy law to an ERISA plan." 96 B.R. at 1018. The Bankruptcy Appellate Panel concluded:

> "The bankruptcy court had jurisdiction to determine whether the funds in the Plan were property of the estate. Whether Oregon or Massachusetts law is applied, the Debtor's interest in the Plan is not an enforceable spendthrift trust. Moreover, the fact that the Bankruptcy Code incorporates state law to determine whether certain interests are property of the estate does not mean that the state law has been allowed to preempt the provisions of ERISA."

*Kincaid,* Id., at 1021.

First, as discussed previously, the reference to state spendthrift law in § 541(c)(2) provides a specific defined exclusion from the estate for property with alienation restrictions enforceable under state spendthrift trust laws. In regard to § 522, the bankruptcy code is not so specific. Section 522 provides a set of federal exemptions, permits application of state exemptions, and allows states to opt out of the federal exemptions and apply only state exemptions. A clear congressional purpose to adopt specific state laws in a narrow field is not apparent. The result in *Kincaid* was consistent with the purpose of the statute in broadening property to be included in the estate. Here, a determination that preemption does not apply to the exemption would permit the state to exclude property from the estate, contrary to the general policy of Congress. Thus, the argument that the reference to state exemption laws in § 522 amounts to an incorporation by reference is not compelling.

b. Preemption would Impair Federal Law

■ Appellants also contend that the state statute is saved because preemption would result in impairment of the bankruptcy code. This argument is based on the reference to state exemption laws, and the fact that Arizona has opted out of the federal exemptions. Thus, appellants contend that preemption impairs section 522. In support, appellants cite *Shaw v. Delta Airlines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983), in which the court held that a state anti-discrimination law was not preempted by ERISA because preemption would impair the enforcement of Title VII, in view of the intended substantial role of the states in enforcing Title VII.

There is no similar role of the states in enforcing either the federal bankruptcy code or ERISA plans. The bankruptcy code refers generally to state exemption laws and provides that they may be applied as a supplement to federal exemptions. The code also provides that a state may decide to adopt state exemption laws as an alternative to the federal exemptions. Debtors remain free to utilize state exemptions not inconsistent with other federal law. Appellants' argument essentially presumes that the congressional intent in § 522 was to permit states to decide whether to provide exemptions for ERISA plans. This is patently incorrect in view of the purpose of ERISA to establish uniform regulation. Preemption of A.R.S. § 33–1126(B) impairs no federal law in the sense of *Shaw.*

2. *Application of Mackey*

Appellants contend that *Mackey v. Lanier Collections Agency and Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988), is distinguishable from this case, and the bankruptcy court's reliance thereon is misplaced.

*Mackey* involved a Georgia exemption statute that specifically singled out ERISA welfare benefits for protective treatment under the state garnishment procedures. A collection agency sought to recover judgments against plan beneficiaries by garnishing their plan welfare benefits. The Supreme Court applied the "relate to" test and held that the statute "related to" ERISA plans by its specific reference to those plans, and was therefore preempted. The Court then went on to hold that ERISA did not forbid garnishment of welfare benefit plans.

#### a. Bankruptcy law involved

Appellants first contend that preemption must be narrowly defined in this case because of the implication of the bankruptcy code, whereas *Mackey* is a straight preemption case, involving only a state law and ERISA. This proposition is essentially a restatement of appellants' earlier argument that the statute is not preempted under § 1144(a), the preemption clause, because it is saved under § 1144(d), the federal savings clause. However, if appellants' argument is accepted, the statute would not be preempted in bankruptcy, and preempted in contexts outside of bankruptcy. This result conflicts more with the congressional purpose in uniform regulation of pension plans than if the statute were not preempted.

In either context, unless some provision of the code saves the statute, the "relate to" test for preemption is the same. In *Mackey*, the court applied this test and found that a Georgia exemption statute, directed toward further protection of ERISA plans, was preempted by its specific reference to such plans. In the instant case, the Arizona statute exempts interests in plans qualified under the Internal Revenue Code provisions which codify the technical requirements for an ERISA plan. Thus, this purported distinction with *Mackey* is not determinative.

#### b. Is Preemption Limited to Welfare Benefit Plans?

Appellants also contend that *Mackey* limits preemption to welfare benefit plans, not the pension plan involved here. Appellants provide no explanation as to the substance or basis of this distinction. Thus, although *Mackey* involved welfare benefits, there is no support for the contention that the analysis is not applicable to pension benefits as well. *See In re Brown*, 95 B.R. 216 (Bankr. N.D. Okl.1989).

#### 3. State Statute is not in Conflict with ERISA

▪ Appellants also contend that ERISA preemption only applies to state laws which are in conflict with ERISA.[3] This contention is in conflict with the statements of the Supreme Court in *Mackey* and *Metropolitan Life* that " 'The pre-emption provision [of § 514(a)] ... displace[s] all state laws that fall within its sphere, even including state laws that are consistent with ERISA's substantive requirements.' " *Mackey*, 486 U.S. at —, 108 S.Ct. at 2185, quoting *Metropolitan Life*, 471 U.S. at 739, 105 S.Ct. at 2389, and referring to *Shaw*, 463 U.S. at 97, n. 15, 103 S.Ct. at 2900, n. 15. The argument assumes that preemption cannot occur unless there is conflict with federal law. Appellants contend that there is no conflict in this instance, and that the state statute should not be preempted. However, when Congress preempts a field, the mere existence of a state law relating to regulation of that field is a conflict. Congress intended uniform regulation of employee benefit plans. Any state statute that "relates to" a plan so as to provide regulation of ERISA is preempted under the prior Supreme Court decisions.

#### C. Does the Statute "Relate to" the Plan?

▪ Does A.R.S. § 33–1126(B) "relate to" an ERISA plan within the meaning of the preemption clause, 29 U.S.C. § 1144(a)? "A state law 'relate[s] to' a benefit plan 'in

---

**3.** Appellants rely on a decision of the bankruptcy court in Texas, *In re Volpe*, 100 B.R. 840 (W.D.Tex.1989).

the normal sense of the phrase, if it has a connection with or reference to such a plan.'" *Pilot Life,* 481 U.S. 41, 107 S.Ct. 1549, 1553 (1987), quoting *Metropolitan Life,* 471 U.S. 724, 105 S.Ct. 2380, 2389 (1985). The preemption provisions of ERISA are deliberately expansive and designed to establish pension plan regulation as exclusively a federal concern. *Pilot Life,* 107 S.Ct. at 1552; See also *Cefalu v. B.F. Goodrich Co.,* 871 F.2d 1290 (5th Cir. 1989).

Despite the generally broad interpretation of the preemption clause, the Supreme Court noted in *Shaw* that "some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." 103 S.Ct. at 2901, n. 21. This is not one of those situations.

■ The circumstances in *Mackey,* appellants' numerous alleged distinctions notwithstanding, make it closely analogous to the instant case. The Arizona statute, A.R.S. § 33–1126(B), sufficiently refers to ERISA plans to bring these plans within the scope of the preemption clause pursuant to *Mackey.*[4]

CONCLUSION

The Court finds that A.R.S. § 33–1126(B) "relates to" an ERISA plan by its reference to such qualified plans and its effect on them and is therefor preempted by ERISA under the *Mackey* decision. Further, the Court finds that A.R.S. § 33–1126(B) is not incorporated into the bankruptcy code by 11 U.S.C. § 522 and is not otherwise incorporated into the body of federal law so as to be saved by the federal law savings clause of ERISA, 29 U.S.C. § 1144(d).

This conclusion is consistent with the policy of the bankruptcy code which favors inclusion of more property in the estate.

---

4. Several bankruptcy courts have addressed the issue presented here, i.e., whether a state law exemption for ERISA plans is preempted, and have concluded on the basis of *Mackey* and the Supreme Court analysis in the prior cases that such statutes are preempted. See *In re Brown,* 95 B.R. 216 (Bankr.N.D.Okl.1989); *In re Gifford,* 93 B.R. 636 (Bankr.N.D.Ind.1988); *Deposit Se-*

The Bankruptcy Code, 11 U.S.C. § 522, contemplates that every debtor emerging from bankruptcy will have a "fresh start" and as a result exempts certain of their property from creditors. The code does not envision that a debtor will, however, have a "head start" on his creditors in the manner contemplated by appellants. *See* Jackson, *The Fresh–Start Policy in Bankruptcy Law,* 98 Harv.L.Rev. 1393 (1985).

There being no genuine issues of material fact, I find that the Appellees were entitled to judgment in the bankruptcy court as a matter of law.[5] Accordingly, it is hereby

ORDERED, that the orders of the bankruptcy court entering summary judgment on behalf of the plaintiffs/appellees are affirmed.

---

*curity Bank v. Dr. John A. McLeod,* 102 B.R. 60 (Bankr.S.D.Miss.1989).

5. This appeal does not concern Individual Retirement Accounts (IRA) and the Court has made no determination respecting such an account.