In re Linda Lou CARVER, and Franklin E. Baker and Shelia K. Baker, Debtors.

Danny R. NELSON, Trustee in Bankruptcy, Plaintiff,

v.

Linda Lou CARVER, Franklin E. Baker, Shelia K. Baker, Zenith Electronics Corporation, and the First National Bank of Chicago, Defendants.

Bankruptcy Nos. 89–61031–S, 89–60800–S.

Adv. Nos. 90–6053–S, 90–6054–S.

United States Bankruptcy Court, W.D. Missouri, S.D.

Oct. 24, 1990.

Danny R. Nelson, David Schroeder, Fitz-simmons & Schroeder, Springfield, Mo., for plaintiff.

James R. Doran, Springfield, Mo., for Zenith Electronics & First Nat. Bank.

Glenn Robinson, Springfield, Mo., for debtors/defendants.

## MEMORANDUM ORDER

KAREN M. SEE, Bankruptcy Judge.

Pending before the Court is the Trustee's Adversary Complaint for turnover of property of the estate in two bankruptcy proceedings. The two matters were consolidated by the Court and submitted by the parties upon a stipulation of facts contained in the Joint Pretrial Statements in the respective cases and the arguments of counsel. This Memorandum Order constitutes findings of fact and conclusions of law under Bankruptcy Rule 7052.

## FINDINGS OF FACT

Debtor Linda Lou Carver filed a Chapter 7 bankruptcy petition on October 20, 1989. Debtors Franklin and Shelia Baker filed their Chapter 7 bankruptcy petition on August 18, 1989. The Plaintiff is the duly appointed Bankruptcy Trustee in both proceedings.

At the time they filed their bankruptcy petitions, both Ms. Carver and Mr. Baker were employed by Zenith Electronics Corporation (hereinafter Zenith). Each had a 100% vested interest in the Zenith Profit Sharing Retirement Plan (hereinafter the Zenith Retirement Plan). Mr. Baker's vested interest had a value of $15,688.71 on the date he filed bankruptcy. Ms. Carver's vested interest on the date she filed bankruptcy was $4,849.22.

The Zenith Retirement Plan is a defined contribution plan qualified under the Employee Retirement Income Security Act of 1974 (ERISA). In both cases the Bankruptcy Trustee objected to the Debtor's claim for exemptions in the Zenith Retirement Plan. According to the minute sheets of the respective hearings on the Trustee's objections, it appears that an agreement between the Trustee and counsel for the Debtors was made on the record announcing a stipulated settlement of the objections in the Trustee's favor. In both instances this announcement was followed by a written stipulation submitted by the

Trustee and counsel for the Debtors in which the Debtors agreed that the funds in question were property of the bankruptcy estate and not exempt. The written stipulations were followed by written orders entered by this Court sustaining the Trustee's Objections To Exemptions. Therefore, the only arguments to be considered in this case are those which are raised by Defendants Zenith and First National Bank of Chicago.

Contributions to the Zenith Retirement Plan in both cases were made by the employer. The Zenith Retirement Plan contains a provision allowing additional voluntary contributions by employees. However, the Debtors in these two cases did not participate in this program and made no voluntary contributions to the Zenith Retirement Plan. Contributions by the employer were made at the rate of 6% of the employees compensation. The employer's contributions could be withdrawn upon termination of employment or retirement.

The employer contributions are deposited into individual accounts for each of the employees. In both cases the Debtors were 100% vested in their account balances on the respective dates on which they filed bankruptcy. Therefore, even though they had made no contributions, the Debtors had irrevocable ownership rights in the funds in their accounts in the Zenith Retirement Plan when they filed their bankruptcy petitions. The Retirement Plan provides for distribution of the Debtors' vested interest to them upon termination of employment. Under the Plan the employees are also permitted to direct the employer contributions between three investment funds.

## CONCLUSIONS OF LAW

■ It is well established that a bankruptcy debtor's vested interest in a retirement benefit plan is property of the estate unless the plan qualifies as a true spendthrift trust under state law. *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *In re O'Brien*, 94 B.R. 583 (W.D.Mo.1988). A debtor's interest in a retirement plan first comes into the bankruptcy estate and then may be exempted out to the extent allowed by state law. *In re Graham*, supra, p. 1272–1273; Section 513.427 RSMo.

■ The Missouri exemption statutes afford no relief to the Debtors or to Defendants Zenith and First National Bank of Chicago in this case. Only the Debtors may assert the right to exempt their vested interest in the Zenith Retirement Plan. *Matter of Ross*, 18 B.R. 364 (D.C.N.Y.1982) aff'd 691 F.2d 81 (2nd Cir.1982); *In re Cates*, 73 B.R. 874 (Bkrtcy.D.Or.1989). Therefore, Zenith and First National Bank cannot assert the Debtors' rights to exemptions. Moreover, the Debtors have previously stipulated with the Trustee in Bankruptcy that the retirement funds are property of the estate and are not exempt. They are bound by their prior agreement with the Trustee and cannot now argue that the funds are exempt.

■ Furthermore, the Missouri exemption statutes are preempted and do not apply to ERISA retirement plans. 29 U.S.C. Section 1144(a); *In re Gaines*, 106 B.R. 1008 (Bkrtcy.W.D.Mo.1989); *Mackey v. Lanier Collection Agency & Service, Inc.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *In re Siegel*, 105 B.R. 556 (D.Ariz.1989); *In re Brown*, 95 B.R. 216 (Bkrtcy.N.D.Okla.1989).

■ This Court is also bound by the Eighth Circuit's decision in *In re Graham*, supra, which holds that ERISA is not "applicable non-bankruptcy law" which excludes an ERISA retirement plan from property of the estate nor creates a federal exemption for ERISA retirement plans. Defendants' reliance on *In re Moore*, 907 F.2d 1476 (4th Cir.1990) is therefore misplaced. That decision cannot be reconciled with *In re Graham*, which this Court is bound to follow.

■ Defendants Zenith and First National Bank urge this Court to find that the Zenith Retirement Plan is excluded from property of the bankruptcy estate as a spendthrift trust under Illinois state law. This argument must be rejected for two reasons. First, even if an ERISA retirement plan may in some circumstances be a spendthrift trust, the Zenith Retirement

Plan does not satisfy the test. In general, a trust will not be a valid spendthrift trust if:

(1) The settlor of the trust is also the beneficiary of the trust;

(2) The beneficiary has dominion or control over the trust;

(3) The beneficiary may revoke the trust; or

(4) The beneficiary has powers in the trust.

*In re Swanson,* 873 F.2d 1121 (8th Cir. 1989); *In re Gallagher,* 101 B.R. 594, 600 (Bkrtcy.W.D.Mo.1989).

Under *Swanson,* the Zenith Retirement Plan is not a spendthrift trust. Once contributions are made to the Plan they are placed in an account for the employee. It makes no difference that the Debtors made no voluntary contributions in these cases or that the Debtors' accounts in the Retirement Plan were wholly funded by the employer. Once placed in their accounts, the Debtors acquired irrevocable ownership rights to the funds. Both Debtors were 100% vested on the date of bankruptcy and had an absolute right to the funds in their accounts under the terms of the Zenith Retirement Plan.

According to the Zenith Retirement Plan the Debtors had the right to direct where new contributions would be deposited between three investment funds. Although none were made in this case, employers that make voluntary contributions to the Retirement Plan, are entitled to obtain loans from their voluntary contributions. These are all elements which enable Zenith employees to exercise dominion and control over the funds in their accounts in the Zenith Retirement Plan. Therefore, it is not a spendthrift trust. *In re Swanson,* supra. *In re Mead,* 110 B.R. 434, 438 (Bkrtcy.W.D.Mo.1990); *In re Schmitt,* 113 B.R. 1007, 1011 (Bkrtcy.W.D.Mo.1990).

More significant is the ability of the Debtors to obtain their vested interest in the Zenith Retirement Plan upon termination of their employment. In *Swanson,* supra, the mere right to terminate employment and receive the retirement funds caused the Eighth Circuit to conclude that the Minnesota Teachers Retirement Plan in that case was not a spendthrift trust. In the two cases under consideration by this Court, both Debtors have a 100% vested interest in the Zenith Retirement Plan. Upon termination of their employment, they have an absolute right to receive distribution of the retirement funds. Hence, the Debtors can exercise dominion or control over the Retirement Plan and it is not a valid spendthrift trust. *In re Swanson,* supra; *In re Schmitt,* supra.

Defendants rely on Illinois law, which they concede is similar to Missouri law. Defendants also cite *In re Boon,* 108 B.R. 697 (W.D.Mo.1989) as authority for the argument that the right to obtain funds upon termination of employment by the Debtors does not preclude a finding that the Retirement Plan is a spendthrift trust. This Court declines to follow *Boon,* even though it is an opinion from the District Court for the Western District of Missouri. It is clearly contrary to the Eighth Circuit's decision in *In re Swanson,* supra. This Court will follow the Eighth Circuit decisions in *In re Swanson,* supra, and *In re Graham,* supra.

Additionally, the Zenith Retirement Plan cannot be a valid spendthrift trust because ERISA completely and totally preempts all state law which affects an ERISA qualified pension plan. 29 U.S.C. Section 1144(a); *In re Gaines,* supra. Under 11 U.S.C. Section 1144(c), this preemption applies equally to all state statutes and common law. It provides as follows:

(1) The term "State law" includes all laws, *decisions,* rules, regulations, or other State action having the effect of law, of any State. (emphasis added).

This definition clearly encompasses all state statutes, regulations and common law. Thus, there is no state law that could be applied to the Zenith Retirement Plan in this case in order to find it is a valid spendthrift trust.

Defendants Zenith and First National Bank also urge this Court to depart from *In re Graham,* supra, in light of the Supreme Court's decision in *Guidry v. Sheet Metal Workers National Pension Fund,*

493 U.S. 365, 110 S.Ct. 680, 107 L.Ed.2d 782 (1990). In *Guidry* the lower Court imposed a constructive trust under state law against funds obtained by fraud by a union employee and placed into an ERISA qualified pension plan. The Supreme Court held that no constructive trust could be imposed under the circumstances because ERISA was a comprehensive code of federal statutes meant to exclusively apply and that the anti-alienation provisions of ERISA prohibited the imposition of a constructive trust.

■ The decision in *Guidry* is distinguishable and does not apply in the bankruptcy context. *In re Green*, 115 B.R. 1001, 1009, n. 2 (Bkrtcy.W.D.Mo.1990); see also: *In re Schmitt*, supra, p. 1016. *Guidry* was not a bankruptcy case and did not take into consideration the unique strong arm powers of a bankruptcy trustee. *In re Green*, supra, p. 1008. Also, the Bankruptcy Code is an equally comprehensive code of federal statutes, with a specific purpose, that must be reconciled with the specific purpose of the ERISA statutes. To the extent that the two statutory schemes cannot be reconciled, this Court is convinced that the Bankruptcy Code prevails over ERISA. It is a fundamental rule of statutory construction that where two comprehensive statutes conflict, the more recent statute supersedes the former. The Bankruptcy Code was enacted subsequent to the adoption of ERISA and, therefore, must prevail. *In re Graham*, supra.

The Defendants' argument that the Zenith Retirement Plan funds constitute exempt wages of the Debtors must also be rejected for several reasons. First, Defendants rely on *In re Wallerstedt*, Case No. 89–02717–BSS (Bkrtcy.E.D.Mo.1989). This is an unreported opinion and has no precedential value. Eighth Circuit Court of Appeals Rule 8(i); Eighth Circuit Court of Appeals Rule Appendix 2.3; *In re Leimer*, 724 F.2d 744, 745–746 (8th Cir.1984). However, even the reasoning of *Wallerstedt* is not applicable in these cases. *Wallerstedt* held that income tax refunds constitute wages which may be exempted by debtors

in bankruptcy pursuant to Section 525.030 RSMo.

■ The Missouri wage exemption statute, like all other state law, is preempted by ERISA. 29 U.S.C. Section 1144(a); *In re Gaines*, supra. Also, in the cases before this Court, no involuntary contributions were withheld from the Debtors' wages as in the case of withholding for tax purposes. All contributions were made by the employer, Zenith Electronics Corporation. Even if such contributions constitute wages, they do not forever retain their character as such. Like funds deposited in a bank account, contributions made to a retirement account for the Debtors lose their character as wages. The contributions are invested by the plan administrator and trustees and the Debtors may direct the investment of these funds. This is not true in the case of funds withheld for tax purposes. The employer contributions for retirement remain on deposit for a much longer period of time, are invested, and earn interest. The Debtors may access these funds by terminating their employment. The same is not true of withholdings from the Debtors' wages for taxes. Therefore, the Zenith Retirement Plan contributions are more characteristically like a savings account than withholdings from wages for taxes. *In re Schmitt*, supra, p. 1012.

Finally, counsel for Debtors urge this Court to order the Trustee to abandon Debtors' respective interests in the Zenith Retirement Plan as being of inconsequential value to the estate. The Debtors filed only general denials in response to the Trustee's Complaint and have pleaded no affirmative defenses. Debtors also stipulated that the funds were property of the estate and were not exempt at the time of the hearing on the Trustee's objections to exemptions. No claim or evidence has been presented that the funds in question are reasonably necessary for the support of the Debtors or the Debtors' dependents. Under these circumstances the Court will not order the Trustee to abandon this property of the bankruptcy estate.

Accordingly, it is hereby:

ORDERED, ADJUDGED AND DE-CREED, that the Debtors' respective vested interests in the Zenith Profit Sharing Retirement Plan are property of the bankruptcy estate and shall be turned over by the Defendants to the Trustee in Bankruptcy.

FURTHER ORDERED, ADJUDGED AND DECREED, that Plaintiff Danny R. Nelson, Trustee in Bankruptcy, shall have judgment against Defendants Franklin E. Baker, Shelia K. Baker, Zenith Electronics Corporation and First National Bank of Chicago, jointly and severally, in the sum of $15,688.71, plus interest thereon at the rate of 9% per annum until paid in full and the costs of this action.

FURTHER ORDERED, ADJUDGED AND DECREED, that Plaintiff Danny R. Nelson, Trustee in Bankruptcy, shall have judgment against Defendants Linda Lou Carver, Zenith Electronics Corporation, and First National Bank of Chicago, jointly and severally, in the sum of $4,849.22, plus interest thereon at the rate of 9% per annum until paid in full, and the costs of this action.

FURTHER ORDERED, ADJUDGED AND DECREED, that nothing herein shall be construed as a voluntary turnover of said funds by the plan administrators or trustees and that this Memorandum Order shall not affect the tax status of the remaining funds in the Zenith Profit Sharing Retirement Plan.

FURTHER ORDERED, ADJUDGED AND DECREED, that the Trustee is authorized to first pay the tax liability, if any, for early withdrawal of the respective Debtors' vested interest in the Zenith Profit Sharing Retirement Plan and that the balance of funds shall be turned over by Defendants to the Trustee in Bankruptcy for payment of administrative expenses and allowed claims of creditors and parties in interest in accordance with provisions of the Bankruptcy Code.

SO ORDERED, affective the date of the filing of this Memorandum Order.