**In re Eldon S. REED, Debtor.**

**Eldon S. REED, Appellant,**

v.

**Victoria C. DRUMMOND, Appellee.**

**No. 90–15874.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 19, 1991.

Decided Dec. 11, 1991.

the district court's decision affirming the bankruptcy court's ruling that his bankruptcy estate includes his pension plan.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtor Reed, a physician and the sole shareholder of Affiliated Anesthesiologists, Ltd., is trustee and sole beneficiary of its pension plan. In 1988 Reed filed a voluntary petition under Chapter 7 of the Bankruptcy Code. He claimed his pension plan with Affiliated Anesthesiologists, worth approximately $800,000, as an exemption from his bankruptcy estate.

The bankruptcy Trustee, Victoria Drummond, objected to Reed's claimed exemption of the pension plan. The bankruptcy court granted the Trustee's motion for summary judgment and denied Reed's cross-motion for summary judgment on the same issue. On appeal, the district court affirmed the bankruptcy court. Reed now appeals the district court's affirmance. We affirm.

## STANDARD OF REVIEW

▪ · This case concerns only the bankruptcy court's conclusions of law, subsequently affirmed by the district court. De novo review applies in this situation. *In re Careau Group*, 923 F.2d 710, 711 (9th Cir. 1991); *In re Van De Kamp's Dutch Bakeries*, 908 F.2d 517, 518 (9th Cir.1990).

Timothy Berg, Cathy L. Reece, Gary H. Ashby, Fennemore Craig, Phoenix, Ariz., for appellant.

Charles W. Lowe, Alisa C. Lacey, Davis & Lowe, Phoenix, Ariz., for appellee.

Before D.W. NELSON, HALL and FERNANDEZ, Circuit Judges.

D.W. NELSON, Circuit Judge:

Chapter 7 debtor Eldon S. Reed seeks to exclude his ERISA qualified pension plan from his bankruptcy estate. Reed appeals

## DISCUSSION

Reed wishes to shield his pension plan assets from his creditors. He advances several arguments why his ERISA qualified pension plan should not be a part of his bankruptcy estate: (1) his plan is exempt under Arizona Revised Statute § 33–1126(B), (2) his plan is exempt under Bankruptcy Code § 522(b)(2)(A), and (3) his plan is excluded under Bankruptcy Code § 541(c)(2). Bankruptcy and district courts in Arizona have already faced this issue and these arguments several times. Each time, they have ruled that ERISA pension plans are not exempt from a debtor's es-

tate. In so concluding, these courts have rejected every argument that Reed now asserts. *See e.g., In re Herrscher,* 121 B.R. 29 (Bankr.D.Ariz.1989); *In re Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988), *aff'd, In re Siegel,* 105 B.R. 556 (Bankr.D.Ariz.1989); *In re Flindall,* 105 B.R. 32 (Bankr.D.Ariz. 1989). *See Pitrat v. Garlikov,* 947 F.2d 419 (9th Cir.1991). We discuss each of appellant's arguments below.

## 1. ERISA Preemption

■ ERISA 514(a) preempts "any and all State laws insofar as they ... relate to any employee benefit plan" covered by ERISA. The scope of this expansive preemption provision is "as broad as its language." *Retirement Fund Trust of Plumbing v. Franchise Tax Bd.,* 909 F.2d 1266, 1274 (9th Cir.1990). Despite this expansive preemption, Reed argues that ERISA does not preempt A.R.S. § 33–1126(B). A.R.S. § 33–1126(B) permits a debtor to exclude "a retirement plan which is qualified under [certain sections] of the United States internal revenue code of 1986" from her bankruptcy estate. Although the statute does not specifically mention ERISA, the statute's list of Internal Revenue Code sections includes sections which refer to ERISA plans.

In determining whether a state statute is preempted by ERISA, "[t]he general rule is that a state law 'relates to' an ERISA plan [and is thus preempted] if it singles out an ERISA plan or 'if it has a connection with or reference to such a plan.' A 'neutral' state law of general application with a 'tangential' impact on a plan does not 'relate to' ERISA and is not preempted." *Retirement Fund Trust,* 909 F.2d at 1280–81 (citing *Mackey v. Lanier Collections Agency & Serv., Inc.,* 486 U.S. 825, 829, 838 n. 12, 108 S.Ct. 2182, 2189 n. 12, 100 L.Ed.2d 836 (1988), and *Shaw v. Delta Airlines,*

*Inc.,* 463 U.S. 85, 100 n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983)).

Both the bankruptcy court and the district court relied upon *Mackey* in finding preemption. In *Mackey,* the Supreme Court considered the relationship between ERISA and two state statutes. The Court found that the first—an antigarnishment statute that specifically mentioned ERISA—was preempted, but found that the second—a garnishment statute that did not mention ERISA but arguably affected ERISA plans—was not. A.R.S. § 33–1126(B) falls somewhere between the two statutes considered in *Mackey:* although it does not specifically single out ERISA, it presents a list of Internal Revenue Code sections that refer to some ERISA plans. The statute thus survives the "singles out test" fatal to the first statute the Supreme Court considered in *Mackey.* However, because A.R.S. § 33–1126(B) does indirectly make "reference to" ERISA plans via their Internal Revenue Code section numbers, we find that it is sufficiently "relate[d] to" an ERISA plan to fall within the ambit of ERISA preemption. *See also In re Pruner,* 122 B.R. 459, 460–61 (Bankr.M.D.Fla. 1990) (finding Florida exemption statute which similarly referred to ERISA plans through Internal Revenue Codes "related to" ERISA). We thus agree with the district and bankruptcy courts below and with the several other courts finding preemption in similar cases. *See Siegel,* 105 B.R. at 563–64; *Flindall,* 105 B.R. at 38; *Hirsch,* 98 B.R. at 2.[1]

## 2. Exemption under Bankruptcy Code § 522(b)(2)(A)

Bankruptcy Code § 522(b)(2)(A) exempts from bankruptcy estates "any property that is exempt under Federal law." Reed argues that ERISA's anti-alienation provision, ERISA § 206(d)(1), constitutes such

---

1. Reed attempts to circumvent this conclusion by arguing that under ERISA § 514(c)(2), a state statute must first "purport to regulate" ERISA plans before it can be found to "relate to" ERISA. *See Retirement Fund Trust,* at 1281. Reed contends that because the Arizona statute does not regulate "the terms and conditions of

employee benefit plans," ERISA preemption under § 514 does not apply at all. However, the Supreme Court recently rejected this argument in *Ingersoll–Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 484, 112 L.Ed.2d 474 (1990), characterizing it as a "misreading" of ERISA § 514(c)(2).

"Federal law," thereby exempting his pension plan from his bankruptcy estate. However, as we have already ruled in *Daniel v. Security Pac. Nat'l Bank*, 771 F.2d 1352, 1360–61 (9th Cir.1985), *cert. denied*, 475 U.S. 1016, 106 S.Ct. 1199, 89 L.Ed.2d 313 (1986), ERISA does not qualify as "other Federal law" under section 522(b)(2)(A). *See also Flindall*, 105 B.R. at 39; *In re Conroy*, 110 B.R. 492 (Bankr.D.Mont.1990).

Reed also contends that § 522(b)(2)(A) "federalizes"—that is, elevates to the status of federal law—A.R.S. § 33–1126(B) and thus "saves" it from preemption. He argues that because § 522(b)(2)(A) permits states to accept generic federal exemptions or "opt out" and create their own, a state that exercises this option does so pursuant to federal law such that the state law becomes "incorporated" or federalized into the Bankruptcy Code. Reed further points out that Arizona's exemptions mirror the generic federal exemptions. *Compare* A.R.S. § 33–1126(B) *with* Bankr.Code § 522(d)(10)(E)(iii). Given the similarity, Reed argues that for ERISA to preempt the state law in this instance makes little sense. *See In the matter of Nuttleman*, 117 B.R. 975, 982 (Bankr.D.Neb.1990), *aff'd in part, rev'd in part*, 128 B.R. 254 (1991); *In re Vickers*, 116 B.R. 149 (Bankr. W.D.Mo.), *aff'd*, 126 B.R. 348 (1990).

Again, the Arizona bankruptcy and district courts have explicitly rejected Reed's argument. *See Hirsch*, 98 B.R. at 1–2; *Siegel*, 105 B.R. at 561–63; *Flindall*, 105 B.R. at 37. We agree with these courts that § 522(b)(2)(A) says nothing about federalizing the state laws that it authorizes. Bankruptcy Code § 522(b)(2)(A) simply does not "federalize" A.R.S. § 33–1126(B) so as to save it from ERISA § 514(a) preemption. We note also that state laws are subject to preemption whether or not they conflict or conform with the Congressional intent of the preempting federal law.

*Mackey*, 486 U.S. at 829, 108 S.Ct. at 2185 (citing *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388, 85 L.Ed.2d 728 (1985)); *In re Rosenquist*, 122 B.R. 775, 782 (Bankr. M.D.Fla.1990); *Siegel*, 105 B.R. at 563.[2] Moreover, A.R.S. § 33–1126(B) may in fact conflict with ERISA.

### 3. ERISA Exclusion Under Bankruptcy Code § 541(c)(2)

Bankruptcy Code § 541(c)(2) permits the enforcement of "[a] restriction on the transfer of a beneficial interest ... that is enforceable under applicable nonbankruptcy law." In other words, a beneficial interest that constitutes a valid spendthrift trust may be excluded from a debtor's bankruptcy estate if that interest is enforceable under "applicable nonbankruptcy law." In this case, Reed argues that he is entitled to exclude his retirement plan because ERISA qualifies as "applicable nonbankruptcy law" and his plan is a valid spendthrift trust. We disagree.

As an initial matter, we have already ruled in *Daniel* that the phrase "applicable nonbankruptcy law" in Bankruptcy Code § 541(c)(2) does not include ERISA. 771 F.2d at 1360–61. We are aware that two circuits have relied upon the plain meaning of the words to rule otherwise. *See In re Lucas*, 924 F.2d 597 (6th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991); *In re Moore*, 907 F.2d 1476 (4th Cir.1990). However, *Daniel* is the law of this circuit and also the majority view in the nation. *See In re Brooks*, 844 F.2d 258 (5th Cir.1988) (reaffirming *Goff*); *In re Lichstrahl*, 750 F.2d 1488 (11th Cir. 1985); *In re Graham*, 726 F.2d 1268 (8th Cir.1984); *Matter of Goff*, 706 F.2d 574 (5th Cir.1983); *see also Regan v. Ross*, 691 F.2d 81, 84–85 (2d Cir.1982) (endorsing a restrictive interpretation of § 541(c)(2) vis a vis ERISA based on legislative history.)[3] In accord with the majority posi-

---

**2.** Reed's reliance *Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), is misplaced. Preemption of the state statute in this instance does not impair the operation of the federal statutes involved, as it did in *Shaw*.

**3.** It appears that the Seventh Circuit concurs as well. In *Employee Benefits Comm. v. Tabor*, 127 B.R. 194, 199 (Bankr.S.D.Ind.1991), the court carefully analyzes this issue and notes that every Seventh Circuit case on point follows the majority position. *Tabor* also draws support for

tion and the current law of this circuit, we continue to hold that "applicable nonbankruptcy law" does not refer to ERISA.

 We also reject Reed's argument that his ERISA plan qualifies as a spendthrift trust[4] under Arizona state law. At the time Reed filed his Chapter 7 petition, Arizona had no statutes relating to spendthrift trusts. The applicable law, therefore, is the Restatement (Second) of Trusts. *Bank of Am. v. J & S Auto Repairs*, 143 Ariz. 416, 694 P.2d 246 (1985). Under Restatement § 156 (and also under Arizona's recently enacted statute regulating spendthrift trusts, A.R.S. 14–7705) the key concern in identifying a spendthrift trust is ascertaining the degree of control the debtor has over the trust. If the debtor enjoys a high degree of control, then the assets cannot constitute a valid spendthrift trust. *See In re Kaplan*, 97 B.R. 572 (Bankr. 9th Cir.1989); *Siegel*, 105 B.R. at 560; *Flindall*, 105 B.R. at 40–41.

Reed argues that his pension plan is a spendthrift trust because Affiliated Anesthesiologists, rather than he, controls the plan. We are unconvinced. Reed's situation resembles the facts before the Bankruptcy Appellate Panel in *Kaplan*. *Kaplan* involved a debtor physician employed by his own medical corporation and who acted as beneficiary, named trustee, and administrator of its ERISA qualified pension plan. In light of Kaplan's multiple roles, and his control over the funds in question, the panel found that his pension plan was not a valid spendthrift trust. *Kaplan*, 97 B.R. at 578. Like Kaplan, Reed, as the sole shareholder of his professional corporation, is actually self-employed and in fact exercises unrestricted control over the funds. We note in particular that Reed took an unsecured personal loan of over $100,000 from the plan (which has not

been repaid); this indicates that Reed controls the funds as well as demonstrates that the pension is not sufficiently restricted to qualify as a spendthrift trust.[5] We therefore find that Reed's pension plan is not a valid spendthrift trust.

## CONCLUSION

In sum, we hold that Reed cannot shield his pension plan assets from his bankruptcy estate. We find that ERISA § 514(a) preempts A.R.S. § 33–1126(B); that under Bankruptcy Code § 522(b)(2)(A) neither the state statute nor ERISA qualifies as "other federal law"; and finally, that Bankruptcy Code 541(c)(2) is unavailing both because ERISA does not qualify as "applicable nonbankruptcy law" under that provision, and because Reed's ERISA qualified pension plan does not constitute a valid spendthrift trust.

AFFIRMED.

---

its reading from *In re Perkins*, 902 F.2d 1254, 1256 n. 1 (7th Cir.1990). *But see Morter v. Farm Credit Servs.*, 937 F.2d 354 (7th Cir.1991) (rejecting *Goff's* conclusion that § 541(c)(2) refers only to traditional spendthrift trusts, but not mentioning ERISA).

4. A spendthrift trust is "[a] trust in which by the terms of the trust or by statute a valid restraint

on the voluntary and involuntary transfer of the interest of the beneficiary is imposed." Restatement (Second) of Trusts § 152(2) (1959).

5. Reed's contention that his ex-wife may have an interest in some funds from the plan does not significantly diminish his control over it.