In re Thomas Allen
BARTLETT, Debtor.

Bankruptcy No. 85–01896–S.

United States Bankruptcy Court,
W.D. Missouri, S.D.

Dec. 4, 1986.

William W. Francis, Jr., John W. Henderson, Jr., Springfield, Mo., for Curtis 1000, Inc.

Richard D. Bender, Springfield, Mo., for debtor.

William A. Wear, Springfield, Mo., Trustee.

### ORDER SUSTAINING OBJECTION TO EXEMPTIONS

KAREN M. SEE, Bankruptcy Judge.

Debtor claimed as exempt a vested interest of approximately $19,000 in a pension fund established under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* Curtis 1000, Inc., debtor's largest unsecured creditor, objected to the exemption. At a conference on November 17, 1986, after conclusion of briefing by the parties, the Chapter 7 Trustee indicated he joined in Curtis 1000's objection. The parties elected to forego evidence and submit the matter on

argument and briefs only. The issues are whether the fund is property of the estate and, if so, whether it is exempt under Missouri law.

The Court makes the following findings of fact (which were not disputed by the parties in arguments or briefs). Debtor has a vested interest in an ERISA pension plan valued at approximately $19,000 as of the date debtor filed this bankruptcy proceeding. The parties stated in briefs that debtor would have no present right to the funds, but rather, could not withdraw them until age 60. Neither party produced a copy of the pension plan, but throughout these proceedings, the parties have been in agreement as to the terms of the plan and details such as value and status of vesting. Accordingly, the Court takes those matters as admitted by both parties. The Court further finds that debtor is age 41, his wife is 38 and their children are 17, 14 and 13. Debtor is employed full-time as a salesman and in the two years prior to bankruptcy, his annual income was $80,000 in 1983 and $52,000 in 1984. Debtor is in good health. His good health and earning capacity, from the evidence presented, will continue. There were no indications otherwise. Assuming a normal retirement age of 65, debtor has 24 more years to accumulate additional funds for retirement. Debtor has no present need for the funds as he has sufficient other assets for his fresh start following bankruptcy. As noted by Curtis 1000, debtor was able to afford to reaffirm debts for a residence debtor valued at $155,000 and two automobiles. In any event, as noted earlier, under the terms of the plan debtor has no present right to the fund.

■ The first issue is whether the property is included in debtor's estate. The Court finds the ERISA fund is property of the estate pursuant to 11 U.S.C. § 541(a)(1) as held by the Eighth Circuit in *In re Graham,* 726 F.2d 1268, 1272[3] (8th Cir.1984). *Graham* reasoned that because pensions were treated under the Bankruptcy Code exemption statute, it is clear they were intended to be part of the estate. "A debtor's interest in pension funds first comes into the bankruptcy estate. To the extent they are needed for a fresh start they may then be exempted out." *Id.* at 1272–1273. Although there are anti-alienation provisions under the ERISA statutes which preclude use of judgment enforcement devices, 29 U.S.C. § 1056(d), they are superseded by the Bankruptcy Code. While ERISA preempts state law, 29 U.S.C. § 1144(a), it was not intended to affect the operation of other federal law. "ERISA specifically provides that its provisions were not to affect the operation of other federal statutes: 'Nothing in this subchapter ... shall be construed to modify, invalidate, impair, or supersede any law of the United States ... or any rule or regulation issued under any law.' 29 U.S.C. § 1144(d)." *In re Graham,* 726 F.2d at 1273[4]. "Thus, ERISA's specific provision precluding interference with the operation of federal law renders the Bankruptcy Code effective over any ERISA provisions to the contrary." *Matter of Goff,* 706 F.2d 574, 587 (5th Cir.1983). The Court concludes that debtor's vested interest in the pension fund is property of the estate.

■ The second issue is whether the pension fund is exempt. Debtor's exemption claim is based on § 513.430(10)(e) RSMo, which exempts a debtor's right to receive

A payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, *to the extent reasonably necessary for the support of such person and any dependent of such person....*

Thus, the Court must determine the extent to which the fund is exempt as "reasonably necessary" for the support of debtor and his dependents. There are no Missouri cases interpreting this statutory exemption, but the language is identical to the federal exemption in 11 U.S.C. § 522(d)(10)(E) and to many state exemption statutes. Therefore, the Court looks to the similar state and Bankruptcy Code

exemption statutes for guidance in interpreting Missouri's statute.

 *In re Flygstad*, 56 B.R. 884, 889–90[7] (Bankr.N.D.Iowa 1986), interpreting a similar Iowa statute, applied the following nonexhaustive list of factors to determine whether a profit sharing and pension plan was "reasonably necessary":

(1) Debtor's present and anticipated living expenses; (2) Debtor's present and anticipated income from all sources; (3) Age of debtor and dependents; (4) Health of the debtor and dependents; (5) Debtor's ability to work and earn a living; (6) Debtor's job skills, training, and education; (7) Debtor's other assets, including exempt assets; (8) Liquidity of other assets; (9) Debtor's ability to save for retirement; (10) Special needs of the debtor and dependents; (11) Debtor's financial obligations, e.g., alimony or support payments.

*Flygstad* also noted that "[e]xemptions are not intended to encompass all contingencies so as to '... insure that no future misfortunes could possibly lower the standard of living to which the debtor's dependents have become accustomed.'" 56 B.R. at 889 (citing *Matter of Kochell*, 26 B.R. 86, 87 (Bankr.Wis.1982), *aff'd* 31 B.R. 139 (W.D.Wis.1983). In *In re Clark*, 711 F.2d 21, 23 (3d Cir.1983), the Third Circuit Court of Appeals concluded that § 522(d)(10)(E) does not exempt future payments, there is no need to look to the debtor's future needs, and if the debtor cannot show a present need for the pension assets, they are not exempt under § 522(d)(10)(E).

In the present case, Debtor is 41 years old, his wife is 38, and their children are ages 17, 14, and 13. Debtor is in good health and currently employed full-time as a salesman. In the two years prior to the filing of his petition in this Court, debtor's annual income was $80,000 and $52,000 respectively. His health and earning capacity for the future appear to be good from the facts presented by the parties. There were no facts which would indicate otherwise. Debtor has approximately 25 years before retirement within which to accumulate additional retirement funds. Under the circumstances of this case, the Court concludes that the ERISA fund of debtor is not reasonably necessary for support of debtor or his dependents now or in the future, and therefore, none of the fund is exempt under Missouri's exemption statute.

Because debtor's ERISA fund is property of the estate and not exempt under 513.430(10)(e) RSMo, it must be turned over to the Chapter 7 trustee for distribution. The trustee is directed to take necessary steps for turn over of the asset from the pension plan trustee. Accordingly, it is hereby

ORDERED that the objection of Curtis 1000 to exemption of debtor's ERISA pension fund is sustained; and

FURTHER ORDERED that the trustee commence action for turn over of debtor's pension fund from the pension plan trustee.