**In re Gary R. FROID, Debtor.**

**Bankruptcy No. 87–6320–8P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 12, 1988.

Zala Forizs, St. Petersburg, Fla., for debtor.

Lawrence Kleinfeld, St. Petersburg, Fla., Trustee.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case and the matters under consideration are an Amended Objection to Listed Exempt Property filed by Lawrence S. Kleinfeld, the Trustee in this Chapter 7 case and an oral Objection to the Amended Objection made by Gary Froid, the Debtor in this case, on the ground that the Amended Objection was not timely filed. The Court has considered the Amended Objection, together with the record and argument of counsel, and finds the relevant facts to a resolution of this matter to be as follows:

The Debtor filed his Chapter 7 Petition on November 20, 1987. On November 27, 1987, a notice was sent to all creditors stating that the § 341 meeting of creditors would be held on January 7, 1988. This notice also provided that any objections to the Debtor's claim of exempt property must be filed within 30 days after the § 341 meeting. The meeting for creditors was held on January 7, 1988, as scheduled, and it appears that at that time the Debtor stipulated to an extension of time in which the Trustee could file any objections to the Debtor's claim of exemptions. On March 7, 1988, the Trustee filed an Objection to the Debtor's claim of exemption to certain personal property, the renewal commissions due to the Debtor from insurance policies, and rights under certain spendthrift trusts. Subsequently, on April 21, 1988, the Trustee amended his Objection and further objected to the Debtor's listing his residence and a life insurance policy as exempt based on the fact that the Debtor allegedly had made substantial payments on a mortgage on the residence and on the life insurance policy immediately before the Debtor's filing of his Petition, thereby substantially increasing the value of those properties claimed as exempt.

A hearing was held on the original and amended Objection, but counsel for the Debtor objected to the amendment on the ground that it was not filed within the time fixed by Bankruptcy Rule 4003(b). Thus, the matter presently under consideration is the threshold question whether the amendment to the Trustee's Objection to the claim of exemptions is time barred. It should be noted that the timeliness of the original Objection is not disputed by the Debtor.

It is the Debtor's contention that the amendment to the Trustee's Objection is based on issues of law and fact which are totally unrelated to the Objection originally filed by the Trustee. The Debtor also claims that the issues raised by the Trustee in his amended Objection are issues disclosed in the Debtor's Petition, and at least some of the issues were discussed at the Debtor's § 341 meeting of creditors. Thus, these facts were known to the Trustee at all times relevant. Based on the foregoing, the Debtor contends that the amended Objection could, and should, have been raised when the original objection was filed; that is, within the time frame agreed upon by the Debtor and the Trustee; therefore, it is

untimely and therefore should not be considered. Although it is conceded by the Trustee that the amended Objection was filed shortly after the deadline passed, it is his contention that his failure to file the amended Objection in a timely fashion was the result of excusable neglect which does not prejudice the Debtor in any way.

The Court has considered the Debtor's Objection to the Trustee's amended Objection and finds that the law governing the resolution of this matter is governed by Bankruptcy Rules 9006(b)(3) and 4003(b). Bankruptcy Rule 9006(b)(3) governs enlargement of time and provides as follows:

Rule 9006—TIME

(b) *Enlargement.*

(3) *Enlargement Limited.* The court may enlarge the time for taking action under Rule ... 4003(b) ... only to the extent and under the conditions stated in those rules.

Bankruptcy Rule 4003(b), which governs exemptions, provides in pertinent part as follows:

*Rule 4003*—EXEMPTIONS

(b) *Objections to Claim of Exemptions.* The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list *unless, within such period, further time is granted by the court.* (emphasis added)

Although no extension was sought or obtained by the Trustee from the Court, it is undisputed that the Debtor and the Trustee stipulated as to a time frame for filing objections, therefore, objections filed within this time would be deemed timely filed. Had the amended Objection merely raised new legal grounds to support the original timely filed Objection, then the amended Objection would relate back to the original Objection. *See In re Blum*, 39 B.R. 897 (Bkrtcy.S.D.Fla.1984) That, however, is not the case here as the amended Objection related to completely different property than that referred to in the original Objection. Further, this Court is satis-

fied that no excusable neglect exists as the Trustee had been made aware of facts provoking his objections early in the case, and thus, these objections should have been filed at least within the time frame agreed upon by the parties.

Based on the foregoing as property claimed as exempt is allowed as such unless a party timely objects, *In re Kretzer*, 48 B.R. 585 (Bkrtcy.D.Nev.1985); 522(*l*) of the Bankruptcy Code, and the Trustee's amended Objection is deemed to be untimely filed, the Debtor's homestead and life insurance policy should be allowed as exempt.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's oral objection to the Trustee's Amended Objection to Claim of Exemptions be, and the same is hereby, sustained, the Trustee's Amended Objection is hereby overruled as untimely filed, and the Debtor's homestead and life insurance policy are allowed as exempt. It is further

ORDERED, ADJUDGED AND DECREED that the original Objection to Claim of Exemptions be, and the same is hereby, rescheduled for hearing on September 26, 1988 at 10:00 a.m.