**In re Sharon E. DAVIS, Debtor.**

**Bankruptcy No. 87–03542–DPM.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

Sept. 7, 1988.

Charles H. Huber, St. Ann, Mo., for debtor.

Leslie A. Davis, Clayton, Mo., Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(E) and (O), which the Court may hear and determine.

### BACKGROUND

Debtor filed her petition for Chapter 7 bankruptcy on December 2, 1987. The Trustee filed an Objection to the Debtor's claim of exempt property on February 8, 1988. Debtor claimed as exempt her profit sharing plan benefit. The Court ordered the Debtor and the Trustee to submit briefs on their respective positions. Debtor received a post-filing check in the amount of $1,376.66 representing the profit sharing plan benefit that is the object of the Trustee's objection.

### FACTS

The Debtor is 49 years old, a widow, and has one eighteen year old son living at home with her. She is employed by Ford Motor Company as an assembler doing wiring in instrument panels. In June of 1986, she fell off of a platform and sustained a back injury while at work. She returned to work in June of 1987. She is presently limited in that she is unable to do any heavy bending or lifting or strenuous work of any type. Her present work is of a non-strenuous nature. Her son has a certificate from Missouri Technical High School and there was no evidence presented that he is under any limitations of any kind. Debtor's estimated monthly income is $1,645.40 and her monthly expenses total $1,582.00, leaving her 63.40 per month over expenses.

The Trustee filed an objection to the Debtor's claim to exempt her profit sharing plan benefit on February 8, 1988. Debtor received a post-filing check in the amount of $1,376.66 representing the whole of her profit sharing plan benefit that is the subject of the Trustee's objection to exemption.

### DISCUSSION

The issue before this Court is whether the benefit payable to the Debtor is exempt under Missouri Revised Statute 513.430.-10(e). Debtor argues that the path to resolving this issue is to decide whether such payment is reasonably necessary for the support of the Debtor and any dependents of the Debtor. The Trustee argues that because the Debtor is currently earning $63.40 more per month than her current expenses, that the pension fund money cannot be found to be reasonably necessary for her support.

Debtor cites *In re Bartlett*, 67 B.R. 455 (Bankr.W.D.Mo.1986) as being the most relevant precedent for deciding the issue of whether the profit sharing or pension plan is reasonably necessary for the support of the Debtor. The *Bartlett* court proposed eleven factors to be considered in deciding whether a profit sharing or pension plan was reasonably necessary. These factors are: (1) debtor's present and anticipated living expenses; (2) debtor's present and anticipated income from all sources; (3) age of the debtor and dependents; (4) health of the debtor and dependents; (5) debtor's ability to work and earn a living;

(6) debtor's job skills, training and education; (7) debtor's other assets, including exempt assets; (8) liquidity of other assets; (9) debtor's ability to save for retirement; (10) special needs of the debtor and dependents; and (11) the debtor's financial obligation.

Applying this eleven point analysis to the facts at hand, this Court considers the relevant factors to be (1) the debtor's current expenses are less than her present income and her income is likely to rise due to her recovery from her injury, the stability of her employment situation, and her unliquidated claim against her employer. The Debtor supports one son who is eighteen years old. There is no indication that he is in ill health or has any special needs which would be a drain on the Debtor's financial situation. She has presented no evidence that her injury is permanent or that she is prevented from reattaining her previous earning level. The Debtor is presently employed, well trained for her job and there is no impending likelihood that this employment will cease in the near future. She has many years of employment ahead and, therefore, retirement considerations are not an immediate serious problem for her. She has other liquid assets including her car. The discharge that the Debtor received on April 27, 1988 relieved her of the obligations which helped lead to these bankruptcy proceedings. Under this eleven point analysis, this Court does not find that the plan is reasonably necessary for the Debtor's support.

The Trustee cites *In re Wallace*, 66 B.R. 834 (Bankr.E.D.Mo.1986) arguing because the Debtor was not receiving regular payments from the plan at the time of filing, the plan cannot be reasonably necessary for the Debtor's support. The *Wallace* case concerned voluntary contributions to a pension trust plan which the Debtor asserted was a spendthrift situation. The court there held that the voluntary contributions defeated the spendthrift characteristics. However, the court went on to address the argument put forward by the trustee that the exemption under 513.430(10)(e) which provides for support of the debtor only applies to payments being received and not

the corpus. The Court stated Section 513.-430(10)(e) exempts only payments being received. "Exemptions speak as of bankruptcy, not as of some later time." *Wallace* at 842.

Therefore, this Court finds that the payment is not reasonably necessary for the support of the Debtor because it fails under the eleven point analysis in *In re Bartlett*, 67 B.R. 455 (Bankr.W.D.Mo.1986), because she is receiving more income than her expenses at the present time, and because the Debtor was not receiving regular payment from the plan at the time of filing. The Trustee's objection to the exemption is SUSTAINED.