**David C. NUTTLEMAN and Diane Nuttleman, Debtors/Appellants,**

**v.**

**Richard D. MYERS, Trustee/Appellee.**

**Richard D. MYERS, Trustee/Appellant,**

**v.**

**David C. NUTTLEMAN and Diane Nuttleman, Debtors/Appellees.**

**Nos. CV 90–O–689, CV 90–O–622. Bankruptcy No. 89–81526.**

United States District Court, D. Nebraska.

May 13, 1991.

David Nuttleman, pro se.

Richard Myers, Omaha, Neb., trustee.

Jim M. Carney, Scottsbluff, Neb., for Gering State Bank.

## MEMORANDUM OPINION AND ORDER

CAMBRIDGE, District Judge.

This matter is before the court on the parties' cross-appeals from the memorandum and accompanying order of the United States Bankruptcy Court for the District of Nebraska[1] dated August 22, 1990. 117 B.R. 975. The appeals have been consolidated by order of this court. For the reasons stated below the court finds that the findings and conclusions of the bankruptcy court as stated in the August 22, 1990 memorandum of the bankruptcy court should be reversed, but that the ultimate decision of the bankruptcy court to overrule the trustee's objection to the debtors' claim of exemptions should be affirmed.

## FACTUAL BACKGROUND

The debtors, David C. and Diane E. Nuttleman, filed a petition under Chapter 7 of the Bankruptcy Code on October 23, 1989. On their schedules the debtors claimed that the proceeds of David Nuttleman's pension

1. Timothy J. Mahoney, United States Bankruptcy Judge.

plan were exempt under Neb.Rev.Stat. § 25–1563.01 and § 44–371 (Reissue 1988).

The first meeting of creditors was held on December 15, 1989. On December 27, 1989, the trustee filed an objection to the debtors' claim of exemptions. The trustee objected to the debtors' claim that the pension plan was exempt under the Nebraska statutes. The trustee argued that the Nebraska statutes under which the pension plan was claimed exempt had been preempted by the federal Employee Retirement Income Security Act (ERISA), and thus, that no statutes allowing the exemption were available. On February 23, 1990, the bankruptcy judge entered an order denying the trustee's objection to the claim of exemptions stating as his reason for denial that the trustee had not filed the required proof of service.

On February 28, 1990, the trustee again filed a similar objection to the debtors' claim of exemptions, and this time, filed the required proof of service. The debtors argued that the February 28, 1990 objection was not filed within the time frame allowed by Bankruptcy Rule 4003, and therefore, that the objection should be overruled.

Following a telephonic hearing on the February 28, 1990 objection by the trustee to the debtors' claim of exemptions, the bankruptcy court ruled on the objection, and it is this ruling which is the subject of the present appeals.

The bankruptcy court first held that the trustee's objection was filed within the 30 days of the first meeting of creditors in accordance with Bankruptcy Rule 4003. The court concluded that although the first objection was denied for failure to give notice, the second objection related back to the original objection which was filed within the required thirty days.

The bankruptcy court then concluded that although the pension plan was included as property of the estate under 11 U.S.C. § 541(a)(1), it was exempt pursuant to 11 U.S.C. § 522(b)(2)(A) and Neb.Rev. Stat. §§ 25–1563.01 and 44–371 (Reissue 1988). In making its decision that the property was exempt, the court concluded that the applicable provisions of the Ne-

braska Revised Statutes had not been preempted by ERISA.

The debtors appealed from the bankruptcy court's holding that the trustee's objection was timely filed. The trustee appealed from the bankruptcy court's holding that ERISA did not preempt the applicable state statutes allowing the claimed exemption in the pension plan.

Having considered the matter, the court finds that the ultimate decision of the bankruptcy court to overrule the trustee's objection to the debtors' claim of exemptions should be affirmed. However, this court finds that the trustee's objection should be overruled because it was not timely filed, not because ERISA does not preempt the state exemption statutes. Because the court finds that the trustee's objection to the claim of exemptions was untimely, the court finds that the bankruptcy court was without power to determine the merits of the trustee's objection. Therefore, although the court finds that the ultimate decision of the bankruptcy court to overrule the trustee's objection should be affirmed, the court concludes that the findings and conclusions of the bankruptcy court should be reversed.

## DISCUSSION

■ This court may review the bankruptcy court's legal conclusions *de novo* but the bankruptcy court's findings of fact may not be set aside unless clearly erroneous. Bankruptcy Rule 8013; *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir.1985).

■ The court finds that the bankruptcy court's conclusion that the trustee's objection to the debtors' claim of exemptions was timely filed should be reversed. Therefore, the court finds that the trustee's objection should be overruled, and that the debtors' claim of exemption of the pension plan of David Nuttleman should be allowed.

Bankruptcy Rule 4003 provides that objections to exemptions must be filed within 30 days of the first meeting of the credi-

tors unless within that 30 days, the court grants an extension of time to object. In this case, the first meeting of creditors was held on December 15, 1989. The trustee filed an objection to the claim of exemptions on December 27, 1989. The bankruptcy court entered an order on February 23, 1990 denying the trustee's objection because of failure to file the proper proof of service. Thereafter, the trustee filed another objection to the debtors' claim of exemptions. Although this objection was filed after the 30–day time period allowed by Rule 4003, the bankruptcy court held that it was timely filed because it related back to the first objection.

The court finds that the bankruptcy court erroneously relied upon the "relation back" theory.

The "relation back" doctrine is typically applied in situations where an amended complaint is filed after the running of the applicable statute of limitations. It has been applied, however, in bankruptcy cases involving situations where an amended objection to a claim of exemptions has been filed. *See In re Froid,* 89 B.R. 950 (Bkrtcy.M.D.Fla.1988); *In re Blum,* 39 B.R. 897 (Bkrtcy.S.D.Fla.1984). Under the holdings of these cases, if the trustee's February 28, 1990 objection could be considered an "amendment" to its December 29, 1989 objection, then the court could allow the objection to be considered on the merits because the second objection was essentially the same as the first objection except for the fact that it corrected a technical or procedural deficiency of the first objection (the giving of proper notice of the objection).

The court, however, finds that the February 28, 1990 objection was not an "amendment" to the December 27, 1989 objection. The December 27, 1989 objection was denied by the bankruptcy court by its order dated February 23, 1990. The order did not grant the trustee leave to amend the objection. Rather, it simply denied the objection. Additionally, there is nothing in the record suggesting that the order denying the objection was later vacated or set aside. Thus, there was no objection in existence which the trustee could amend. In other words, there was no original objection in which the February 28, 1990 objection could "relate back" to. To allow the objection to "relate back" in this case would be like allowing an "amended" complaint to relate back to an original complaint subsequent to its dismissal by the court in order to avoid the statute of limitations. Clearly, this would be improper.

Therefore, the court finds that the February 28, 1990 objection to claim of exemptions was time barred pursuant to Bankruptcy Rule 4003, and that the objection should be overruled.

## CONCLUSION

For the reasons stated above, the court finds that the findings and conclusions of the bankruptcy court as stated in its memorandum and its order dated August 22, 1990, should be reversed. The court, concludes, however, that the ultimate decision by the bankruptcy court to overrule the trustee's objection to the debtors' claim of exemptions should be affirmed for the reason that the objection was not timely filed in accordance with Bankruptcy Rule 4003.

IT THEREFORE IS ORDERED that the specific findings and conclusions of the bankruptcy court in its August 22, 1990 memorandum and its August 22, 1990 order are reversed, but that the ultimate decision to overrule the trustee's objection to the debtors' claim of exemptions is affirmed.

IT IS FURTHER ORDERED that this matter is remanded to the bankruptcy court for all necessary proceedings consistent with this court's Memorandum Opinion, Order, and Judgment.