In re Robert Leroy VICKERS and Betty Jean Vickers, Debtors.

J. Kevin CHECKETT, Trustee, Appellant,

v.

Robert Leroy VICKERS; Betty Jean Vickers, Appellees.

No. 91–1067.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1991.

Decided Jan. 24, 1992.

**1427**

Chris L. Weber, Carthage, Mo., for appellant.

W. Henry Johnson, Neosho, Mo., for appellee.

Before LAY,* Chief Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

* The HONORABLE DONALD P. LAY was Chief Judge of the United States Court of Appeals for the Eighth Circuit at the time this case was submitted and took senior status on January 7, 1992, before the opinion was filed.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

2. The Honorable Arthur B. Federman, United States Bankruptcy Judge for the Western District of Missouri.

3. We note an apparent conflict on this issue in cases arising out of the Western District of Missouri. *In re Gaines,* 121 B.R. 1015 (W.D.Mo. 1990), held that ERISA preempted the Missouri bankruptcy provision exempting from the bankruptcy estate ERISA pension plan benefits reasonably necessary for the debtor's support. *See also In re Green,* 123 B.R. 327 (W.D.Mo.1990). The opposite conclusion was reached by Bankruptcy Judge Federman, in *In re Vickers,* 116 B.R. 149 (Bankr.W.D.Mo.1990), *aff'd,* 126 B.R. 348 (W.D.Mo.1990).

Although as a general matter we find that ERISA does not preempt the exemption furnished by state law, we caution that each case must turn on the bankruptcy court's finding that the pension plan benefits are reasonably necessary for support of the debtors.

LAY, Chief Judge.

The sole issue on appeal is whether the Employee Retirement Income Security Act (ERISA), codified as amended at 29 U.S.C. §§ 1001–1461 (1988), preempts a Missouri law which permits exemption of pension plan benefits of the debtor from the bankruptcy estate. The district court[1] adopted the findings of the bankruptcy judge[2] upholding the exemption in favor of the debtors. The trustee in bankruptcy appeals. We hold that ERISA does not preempt state law exemptions of pension plan benefits reasonably necessary for the support of a debtor. We affirm the district court.[3]

The facts are undisputed. On March 15, 1990, debtors initiated proceedings for protection under Chapter 7 of the United States Bankruptcy Code. In their bankruptcy schedule, debtors claimed exemption of monthly pension plan benefits which they receive as a result of Mr. Vickers' prior employment by the FAG Bearing Company of Joplin, Missouri. While conceding that the benefits are reasonably necessary for the debtors' support,[4] the trust-

*In re Gaines* involved IRA's held by a dentist totalling $231,125.17. The bankruptcy court found that the debtor was guilty of bankruptcy fraud and that the funds were not reasonably necessary for support. These facts demonstrate a much different factual case than presented here. In order to evaluate and determine whether pension plans are reasonably necessary for support of a debtor, one bankruptcy court of the Western District of Missouri established the following guidelines:

(1) Debtor's present and anticipated living expenses; (2) Debtor's present and anticipated income from all sources; (3) Age of debtor and dependents; (4) Health of the debtor and all dependents; (5) Debtor's ability to work and earn a living; (6) Debtor's job skills, training, and education; (7) Debtor's other assets, including exempt assets; (8) Liquidity of other assets; (9) Debtor's ability to save for retirement; (10) Special needs of the debtor and dependents; (11) Debtor's financial obligations, e.g. alimony or support payments. *In re Bartlett,* 67 B.R. 455, 457 (Bankr.W.D.Mo. 1986).

4. The pension benefits received by the debtors are in the amount of eighty-four dollars and fifty-three cents. The debtors' only other income is the four hundred and sixty-seven dollars they receive from Social Security each month. Their monthly expenses total more than one thousand dollars. Debtors owe over

ee filed an objection to this exemption based on his belief that the Missouri bankruptcy provision which permits such exemptions is preempted by ERISA.

ERISA was passed by Congress in 1974. Its primary purpose was to provide "protective measures, and [to prescribe] minimum standards for promised [private pension] benefits." S.Rep. No. 127, 93d Cong., 1st Sess. 1 (1973), *reprinted in* 1974 U.S.Code Cong. & Admin.News 4639, 4838; *see also* 29 U.S.C. § 1001 (1988) ("owing to the lack of employee information and adequate safeguards concerning [the] operation [of employee benefit plans], it is desirable in the interests of employees and their beneficiaries ... that disclosure be made and adequate safeguards be provided with respect to the establishment, operation, and administration of such plans...."). ERISA specifically focused on (1) the protection of employee pension benefit plans which provide retirement on deferred income to employees and (2) fringe benefits afforded under employee benefit plans such as life and health insurance. 29 U.S.C. §§ 1001–1461.

The debtors reside in Missouri and assert a state law exemption to their ERISA plan benefits on the ground that the benefits are reasonably necessary for their support. Missouri law allows a bankruptcy debtor to exempt

(10) Such person's right to receive:

(e) A payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person and any dependent of such person unless;

a. Such plan or contract was established by or under the auspices of an insider that employed such person at the time such person's rights under such plan or contract arose;

b. Such payment is on account of age or length of service; and

c. Such plan or contract does not qualify under section 401(a), 403(a), 403(b), 408 or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408 or 409).

Mo.Rev.Stat. § 513.430(10)(e) (Supp.1991).

In making his objection to the debtors' claim, the trustee relies on 29 U.S.C. § 1144(a), which states that the provisions of ERISA supersede "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." The trustee urges that any state law which "relates to" ERISA is preempted if it has a connection with or reference to ERISA. *See Mackey v. Lanier Collection Agency & Serv.*, 486 U.S. 825, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A majority of the bankruptcy courts which have considered this question have agreed with the trustee's analysis of section 1144(a), and have found state exemption statutes similar to Missouri's preempted by ERISA.[5]

We do not read the congressional preemption under section 1144(a) as broadly as the trustee. ERISA also contains a so-called savings clause under section 1144(a)

---

eleven thousand dollars on unsecured debts, consisting mostly of past medical expenses, and over four thousand dollars secured by their 1987 Ford pickup. The debtors' home is worth approximately seven thousand dollars.

5. *See, e.g., In re Gaines,* 121 B.R. 1015 (W.D.Mo. 1990); *In re Conroy,* 110 B.R. 492 (Bankr. D.Mont.1990); *In re Alagna,* 107 B.R. 301 (Bankr.D.Colo.1989); *In re Sellers,* 107 B.R. 152 (Bankr.E.D.Tenn.1989); *In re Sheppard,* 106 B.R. 724 (Bankr.M.D.Fla.1989); *In re Weeks,* 106 B.R. 257 (Bankr.E.D.Okla.1989); *In re Komet,* 104 B.R. 799 (Bankr.W.D.Tex.1989); *In re*

*Brown,* 95 B.R. 216 (Bankr.N.D.Okla.1989); *In re Hirsch,* 98 B.R. 1 (Bankr.D.Ariz.1988), *aff'd sub nom. In re Siegel,* 105 B.R. 556 (D.Ariz. 1989).

Other courts have taken the opposite view, holding that ERISA does not preempt state exemption provisions. *See In re Dyke,* 943 F.2d 1435 (5th Cir.1991); *In re Volpe,* 120 B.R. 843 (Bankr.W.D.Tex.1990), *aff'd,* 943 F.2d 1451 (5th Cir.1991); *In re Williams,* 118 B.R. 812 (Bankr. N.D.Fla.1990); *In re Nuttleman,* 117 B.R. 975 (Bankr.D.Neb.1990), *aff'd on other grounds,* 128 B.R. 254 (D.Neb.1991); *In re Seilkop,* 107 B.R. 776 (Bankr.S.D.Fla.1989); *In re Martinez,* 107

**1429**

which provides that "[n]othing in this subchapter shall be construed to alter, amend, modify, invalidate, impair, or supersede any law of the United States...." 29 U.S.C. § 1144(d). *Cf. Shaw v. Delta Air Lines*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983) (although "related" to ERISA plans, state statute regulating pregnancy benefits not preempted under ERISA because preemption would modify or impair enforcement of Title VII).

The bankruptcy court held that ERISA preemption here would impair the federal bankruptcy code. In order to protect the nation's bankruptcy debtors the bankruptcy code provides that debtors may exempt certain property from the bankruptcy estate. The bankruptcy code specifically allows a debtor to exempt pension benefits to the extent necessary for support. 11 U.S.C. § 522(d)(10)(E) (1988). The code also allows states to opt out and create their own exemptions. 11 U.S.C. § 522(b)(2)(A).[6] The State of Missouri has exercised this option by passing Mo.Rev. Stat. § 513.430(10)(e). The Missouri exemption provision is virtually identical to that found in the federal exemption scheme.

There can be little question Congress determined that ERISA shall not impair or supersede any other federal statute. 29 U.S.C. § 1144(d). In the present case the state law providing an exemption to pension plan benefits was enacted pursuant to the authority given it by the bankruptcy code. It would be incongruous to hold pension benefits exempted under the federal bankruptcy law, but to strike down identical provisions enacted by the state under the express authorization of the bankruptcy code.[7] Accordingly, we hold that ERISA does not preempt the Missouri exemption statute which permits debtors to exempt reasonably necessary pension benefits.[8]

We find no error in the district court's ruling. Judgment affirmed.

---

B.R. 378 (Bankr.S.D.Fla.1989); *In re Bryan*, 106 B.R. 749 (Bankr.S.D.Fla.1989).

6. Recognizing that "circumstances do vary in different parts of the country, [the Code] permits the States to set exemption levels appropriate to the locale...." H.R.Rep. No. 595, 95th Cong., 2d Sess. 126, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 6087.

7. *Cf. Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 1838, 114 L.Ed.2d 350 (1991) (noting "the equivalency of treatment accorded to federal and state exemptions by § 522(f)....").

8. We note that on October 25, 1991, after this case was submitted, the Ninth Circuit reached the opposite conclusion. *See Pitrat v. Garlikov*, 947 F.2d 419 (9th Cir.1991). The Ninth Circuit reasoned, in a complex analysis under *Shaw v. Delta Air Lines, supra*, that the bankruptcy code would not be impaired by the failure of a particular state exemption law. *Id.* at 429. We find Judge Sneed's dissent more persuasive:

The Bankruptcy Code not only authorizes states to fashion exemptions in bankruptcy as they see fit, but provides therein a model example of an exemption that the majority would prohibit. To my mind, A.R.S. § 33–1126(B) is the equivalent of those portions of the New York Human Rights Law that the Court saved in *Shaw*, not those it preempted. Indeed, it could be argued that Arizona's exemption of the ERISA-qualified plan should survive preemption even if ERISA did not contain a savings provision. Here, § 1144(d) spares any doubt. Disallowing a valid state exemption in bankruptcy would impair the Bankruptcy Code no less than invalidating state civil rights grievance mechanisms impairs Title VII.

947 F.2d at 432 (Sneed, J., dissenting) (footnote omitted).