**In re Glen ESTERLEIN and Beverly Esterlein, Debtors.**

**Bankruptcy No. 90–40304–293.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Feb. 3, 1992.

T.J. Mullin, Clayton, Mo., for debtors.

Steven M. Hamburg, St. Louis, Mo., for trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

The Debtors filed a joint petition seeking the protection of Chapter 13 of the Bankruptcy Code on January 24, 1990, which upon motion of the Debtors was subsequently converted to a Chapter 7 proceeding on April 5, 1991. A meeting of creditors, pursuant to 11 U.S.C. § 341(a), was convened and concluded on May 21, 1991. The Debtors claimed an exemption in Mr. Esterlein's ERISA-governed retirement plan. Neither the creditors nor the trustee filed a timely objection to the claimed ex-

emption. However, the Trustee filed his *Objection To Claim Of Exemption* on June 24, 1991.

FACTUAL BACKGROUND

Mrs. Esterlein is 33 years old and is not employed. Mr. Esterlein, who is 32 years old, has worked at Interstate Machine Co. in St. Louis for nine years and is currently a salesman. The Debtors have three children whose ages range from two to six years.

Mr. Esterlein suffers from Chron's Disease which required him to undergo surgery in 1983 and 1986 and resulted in his periodic hospitalization throughout the past five years. Chron's Disease is the inflammation of the small and large intestines and affects the body's ability to absorb nutrition. In 1984 Mr. Esterlein suffered four or five bowel obstructions with the intestines totally closing. The purpose of these surgical procedures was to remove the obstructions. Unfortunately, the problem has reappeared after each surgery. Mr. Esterlein anticipates that in the near future he will need additional expensive surgery to treat his Chron's Disease. Since the intestines are needed for part of the digestive process there is a limit as to the number of continual surgical removals of the intestines that he may undergo. Under the circumstances it is reasonable to assume that the Debtor will be faced with continued and expensive medical treatment for the remainder of his life. Although he presently has health insurance, his employer recently switched health insurance carriers for other employees. When Mr. Esterlein applied for this new coverage, the new carrier denied coverage.

On their schedules, the Debtors listed as exempt their interest in an ERISA-qualified pension fund that Mr. Esterlein's employer maintained for his benefit. They have no other funds or assets they can draw upon for retirement or use during the periods of Mr. Esterlein's disability. He is young and under normal circumstances he would have sufficient time to establish a new retirement fund by age 62. However, due to the seriousness of his disease it is likely that he will either be disabled or die before he has an opportunity to establish a new pension fund. If he is disabled or retires, the only funds that will be available to him and his family will be his social security and the ERISA-qualified plan, which the Trustee now wishes to seize. The Court finds that the pension plan benefits are reasonably necessary for the support of the debtors.

DISCUSSION

The threshold question is whether the Trustee is barred from objecting to the Debtors' exemption since he failed to file his objections within the 30 day time constraints of Bankruptcy Rule 4003(b), which reads:

> **(b) Objections to Claim of Exemptions.** The Trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.

The meeting of creditors was concluded on May 21 and therefore the deadline for filing an objection to exemptions was June 20, 1991. The Trustee neither filed his objection, nor requested additional time to file said objections within the 30 day period. The Court may enlarge the time for filing objections only if the request is made within the original 30 day period. Bankruptcy Rule 9006(b)(2).

The Eighth Circuit's decision in *In re Peterson*, 920 F.2d 1389 (8th Cir.1990) governs the case at bar. In *Peterson*, the debtors neglected to list on their schedules their interest in a house situated on the land of a third party. After the trustee informed the debtors of his intent to recover the house for the estate, the debtors filed amended schedules claiming the house as exempt property under Minnesota's homestead exemption. The trustee failed to file a timely objection to the debtors' claim of exemption. At that time, courts in Minnesota disagreed whether a debtor had to own the land on which his house sat to utilize the state's homestead exemption. The Eighth Circuit held that a late-filed objection to an exemption would *only* be

entertained when the debtor lacked a good-faith statutory basis for claiming the exemption. In *Peterson*, the Eighth Circuit found that the debtors had a good-faith statutory basis for seeking to exempt their interest in the house.

The trustee's counsel asserts, in his brief, that the Debtors' claim of exemption lacks a good-faith statutory basis because "a comprehensive review of existing case law reveals that the Debtors may not claim an exemption in an ERISA-qualified pension plan under RSMo (sic) Section 513.-430(10)(e) ... [because a] majority of the courts ... have held that ERISA preempts a state's attempt to make a debtor's interest in these plans exempt." Trustee's Memorandum of Law, at 2 (cites omitted). As the trustee concedes, only a majority of courts have held that ERISA preempts exemption statutes like Mo.Rev.Stat. § 513.-430(10)(e). A credible argument against ERISA's preemption of such state exemption statutes exists and has been adopted by what one court has called an "emerging minority." *In re Kazi*, 125 B.R. 981 (Bankr.S.D.Ill.1991).

The Eighth Circuit has recently resolved this issue against the position taken by the trustee, by holding, "... ERISA does not preempt state law exemptions of pension plan benefits reasonably necessary for the support of a debtor." *In re Vickers*, 954 F.2d 1426 (8th Cir.1992). However, when the Debtors asserted their exemptions the courts within the Eighth Circuit that had considered this pre-emption question had reached conflicting results and the Circuit Court had not yet ruled. *See In re Gaines*, 121 B.R. 1015 (W.D.Mo.1990) (holding that to the extent Rev.Stat.Mo. § 513.430(10)(e) affects ERISA, it is preempted), *compare*, *In re Vickers*, 116 B.R. 149 (Bankr. W.D.Mo.1990) (holding that ERISA does not pre-empt Rev.Stat.Mo. § 513.430(10)(e) because it is entirely consistent with both ERISA and the Bankruptcy Code.) *aff'd by* 126 B.R. 348 (W.D.Mo.1990) (currently on appeal to the Eighth Circuit, case no. 91–1067WM). Given the unsettled nature of the law in this area at the time the Debtors made their exemptions, this court cannot find that the Debtors' mere claim of exemption under Mo.Rev.Stat. § 513.-430(10)(e) lacked a good faith statutory basis. This accords with the Eighth Circuit's finding in *Peterson* where the claiming of an exemption in the face of unsettled law did not preclude a finding that the debtor had a good-faith statutory basis for their claim of exemption. 920 F.2d at 1394. Of course, even if this Court had found that the Debtors had not acted in good faith in claiming the exemptions, the result would have been the same because the Eighth Circuit has now settled the issue in favor of the debtors by holding, "... ERISA does not preempt state law exemptions of pension plan benefits reasonably necessary for the support of a debtor." *In re Vickers*, 954 F.2d 1426 (8th Cir.1992).

■ Although this Court finds that the exemption laws concerning ERISA Pensions were unsettled at the time the Esterleins filed their exemptions and that they acted in good faith as to their reliance on the statute, there is a second test to the good faith factual standard which we must apply. The Court must find that the Debtors' held a good-faith belief that based on the facts of this case, they qualified for the exemption they claimed. Courts in this circuit have held that to qualify for the exemption provided by Mo.Rev.Stat. § 513.-430(10)(e), a debtor must show that the funds claimed to be exempt are reasonably necessary for his support and, in cases where the debtor can access the funds outside of bankruptcy, he must also demonstrate a present need for such funds. *See*, *In re Boykin*, 118 B.R. 716 (Bankr. W.D.Mo.1990), *In re Bartlett*, 67 B.R. 455, 457 (Bankr.W.D.Mo.1986). The testimony elicited at the hearing on this matter revealed that the Debtors could access the funds in the retirement account if Mr. Esterlein left his current employer or demonstrated a hardship requiring his use of those monies. Mr. Esterlein also testified that he has three dependent children and anticipates soon needing a costly operation. Further, Mr. Esterlein testified that he and his wife have no savings except the retirement plan and a review of the Debtors'

statement of income and expenses reveals that their monthly expenses exceed their income by more than $300. Under these circumstances, this court finds that the Debtors held a good-faith factual belief that the funds they sought to exempt were reasonably necessary for their support and that they, therefore, qualified for the exemption provided by Mo.Rev.Stat. § 513.-430(10)(e).

After considering the facts of the pending case, this court concludes that the Debtors claimed the contested exemption in good faith which precludes an examination of the merits of the trustee's untimely objection.

An Order consistent with this Memorandum Opinion will be entered this date.

### ORDER

For the reasons set forth in the Memorandum Opinion filed this date, it is

ORDERED that the Objection To Claim Of Exemption filed by David A. Sosne, Trustee, is DENIED.