**In re Douglas K. SMITH, Debtor.**

**Bankruptcy No. 91–44562–399.**

United States Bankruptcy Court,
E.D. Missouri, E.D.

June 24, 1992.

T.J. Mullin, Clayton, Mo., for debtor.

David A. Sosne, St. Louis, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Chief Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B), which the Court may hear and determine.

## PROCEDURAL BACKGROUND

Debtor voluntarily filed a petition under Chapter 7 of the Bankruptcy Code on January 28, 1991. The Trustee filed his timely objection which was designated: Motion A—*Trustee's Objection To Claim Of Exemption,* to which the Debtor responded. The trustee objected to Debtor's claimed exemption of his I.R.A. on the grounds that the it was neither a spendthrift trust, nor payable upon account of illness, disability, death, age, or length of service, nor reasonably necessary for the support of the Debtor and his dependents. In response to the trustee's objection, the Debtor sought to apply $1,750 in miscellaneous exemptions available to him under Mo.Rev.Stat. §§ 513.430(3)[1] and 513.440[2] to the I.R.A. and sought to exempt the balance of $3,508.00 pursuant to Mo.Rev.Stat. § 513.-430(10)(e).[3]

## FACTUAL BACKGROUND

Upon consideration of the testimony, record and argument of counsel the Court finds:

(1) At the time of his filing, Debtor was 34 years old and employed for over three years as a physician, specializing in radiology, at Washington University in Saint Louis. His income in 1989 was $39,350 and his estimated income for 1990 was $37,000. In the near future he is scheduled to enter the Air Force for a four year term, where he anticipates an annual income of $30,000.

(2) Debtor is divorced and has custody of two children from his former marriage. Debtor's ex-wife does not pay him child support.

(3) On his *Schedule B–4—Property claimed as exempt,* Debtor listed money in his I.R.A. as exempt pursuant to Mo.Rev. Stat. §§ 513.427 and 513.430(10)(e).

(4) The balance in the I.R.A. at filing was $5,258.00. This represents his sole savings, assets and retirement benefits.

## DISCUSSION

Upon a debtor's filing of a bankruptcy petition, § 541 of the Bankruptcy Code creates an estate comprised of "all the legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1988). A debtor can insulate property in which he has an interest at the commencement of his case, from the claims of his creditors, by proving that the property qualifies as property which is either excluded from inclusion in the estate by § 541(b) or (c) of the Bankruptcy Code or which is statutorily exempt from the creditors' claims. The debtor in this case asserts that his I.R.A. qualifies for an exemption from the claims of his creditors under Missouri law.

The Bankruptcy Code provides a set of exemptions in § 522(d) but gives the option of limiting debtors to exemptions created by their state legislatures and exemptions created by non-bankruptcy, federal law. 11 U.S.C. § 522(b)(1) (1988). Missouri has chosen to opt-out of the federal system of exemptions. Mo.Rev.Stat. § 513.427 (Vernon's Supp.1991). The enabling legislation which opts Missouri out of the federal system of exemptions provides that:

"Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under any federal law, other than, Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United

---

**1.** Section 513.430(3) allows the debtor to exempt from attachment and execution "[a]ny other property of any kind, not to exceed in value four hundred dollars in the aggregate."

**2.** Section 513.440 allows the debtor, as head of family, to exempt from attachment and execution " ... any other property, real, personal or mixed, or debts and wages not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such

person's unmarried dependent children under the age of eighteen years." Since Mr. Smith had two dependent children he claimed as exempt under this provision an additional $1,350.00.

**3.** Section 513.430(10)(e) allows the debtor to exempt from attachment and execution "[a] payment under a stock bonus, pension, profit-sharing, annuity or similar plan ... to the extent reasonably necessary for the support of such person and any dependent of such person...."

States Code, Section 522(d)." Mo.Rev. Stat. § 513.427 (Vernon's Supp.1991).

Debtor claims that Mo.Rev.Stat. § 513.430(10), exempts his I.R.A. from inclusion in his bankruptcy estate. Section 513.430(10)(e) of Missouri's Revised Statutes provides that "[a] payment under a stock bonus, pension, profit-sharing, annuity or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of such person or any dependent of such person ..." is exempt from attachment and execution. Mo.Rev. Stat. § 513.430(10)(e) (Vernon's Supp.1991). As one court has noted, ambiguity exists as to whether § 513.430(10)(e)'s "similar plan" language encompasses I.R.A.'s. *See In re Gaines*, 106 B.R. 1008, 1020 n. 12 (Bankr. W.D.Mo.1989), *quashed by* 121 B.R. 1015 (W.D.Mo.1990). However, given this court's conclusion that the Debtor's I.R.A. in this case is not reasonably necessary for the support of the debtor and his dependents, the question of applicability of the Missouri exemption provisions to an I.R.A. loses relevance.

To be exempt under § 513.430(10), the funds claimed as exempt must be reasonably necessary to the support of the debtor and such a question is a factual matter for courts to decide on a case by case basis. *In re Boykin*, 118 B.R. 716, 719 (Bankr. W.D.Mo.1990). Missouri courts have referred to eleven factors set forth in *In re Bartlett*, 67 B.R. 455, 457 (Bankr.W.D.Mo. 1986), to determine whether funds are reasonably necessary for the support of a debtor. *See In re Boykin*, 118 B.R. 716, 719 (Bankr.W.D.Mo.1990); *In re Gaines*, 106 B.R. 1008, 1020 (Bankr.W.D.Mo.1989), *quashed by*, 121 B.R. 1015 (W.D.Mo.1990); *In re Gallagher*, 101 B.R. 594, 602 (Bankr. W.D.Mo.1989). The factors considered in *Bartlett* include:

(1) Debtor's present and anticipated living expenses;

(2) Debtor's present and anticipated income from all sources;

(3) Age of debtor and dependents;

(4) Health of debtor and dependents;

(5) Debtor's ability to work and earn a living;

(6) Debtor's job skills;

(7) Debtor's other assets, including exempt assets:

(8) Liquidity of other assets;

(9) Debtor's ability to save for retirement;

(10) Special needs of the debtor and dependents;

(11) Debtor's financial obligations, e.g. alimony or support payments.

*In re Bartlett*, 67 B.R. 455 (Bankr.W.D.Mo. 1986), quoting *In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Iowa, 1986).

The Debtor in this case is a young man in good health. He earns approximately $30,000 per year and is highly educated and skilled as a radiologist. The Debtor testified that his monthly expenses include $700 for rent and between $300 and $400 for child care. This leaves between $1400 and $1500 for the Debtor to pay all his other expenses and try to replenish his I.R.A. The Debtor testified that for the next four years he will serve in the United States Air Force and will not receive any retirement benefits from the Air Force. After his duty with the service ends, however, Debtor will return to one of the highest paid professions in our society and will have over thirty years in which to accrue resources to support himself after his retirement. The above application of the *Bartlett* factors to this case indicates that the Debtor's I.R.A. is not necessary for his support and is not exempt from execution under Mo.Rev.Stat. § 513.430(10)(e). Therefore, the balance of the Debtor's I.R.A., after deducting $1,750 allowed exemptions pursuant to Mo.Rev.Stat. §§ 513.-430(3) and 513.440, is subject to the claims of the creditors of his bankruptcy estate and shall be turned over to the Trustee for appropriate distribution.

An Order consistent with this Memorandum Opinion will be entered this date.

## ORDER

After a hearing on Trustee's Objection to Exemptions and after review of the briefs

submitted by the parties, for the reasons set forth in the Memorandum Opinion filed herewith, it is

ORDERED that

(1) Trustee's Objection To Exemptions is SUSTAINED with the exception of the $1,750.00 in miscellaneous exemptions sought by Debtor; and

(2) the balance of $3,580.00 in Debtor's IRA is to be paid over to the Trustee.